## WEYMOUTH vs. CHICAGO & NORTH-WESTERN RAILWAY COMPANY.

n an action by a married woman to recover for the conversion of personal property, she may establish her title by the same kind and quantity of proof that would suffice in the case of any other plaintiff.

It is only in a contest between a married woman and the creditors of her husband, that she is required to prove her title to property claimed as her separate estate, "by evidence which will not admit of reasonable doubt." *Stanton v. Kirsch*, 6 Wis., 388, and *Horneffer v. Duress*, 13 id., 603, explained.

In trover by the party from whose possession property was taken, the defendant cannot defeat a recovery by showing title in a third person without connecting himself with that title.

Plaintiff had wood cut and piled on defendant's land in the town of F., with a view to selling it to defendant. Before the contract of sale was completed, defendant, by mistake, carried the wood to the city of J., and there mingled it with other wood, so that it could not be identified. Plaintiff demanded it at J., and, failing to obtain it, brought this action to recover the value of the wood at J. *Held*, that the proper measure of damages is the value at F. at the time of the conversion, with such increase as it may have received from fluctuations of the market or other causes independent of the acts of the defendant.

Whether the same rule of damages should be adopted in a case where the wrongful taking or conversion was by design and not by mistake, discussed *per* PAINE, J., but not decided.

But where property tortiously taken or converted can be identified, and a delivery can be had, the original owner is entitled to recover it, whatever change of form or addition to its value may have been made by the labor of the wrongdoer.

APPEAL from the Circuit Court for *Jefferson* County.

The plaintiff, a married woman, brought this action to recover damages for the conversion of seventy-one cords of wood belonging to her. The facts are stated sufficiently in the opinion of the court. Verdict for the plaintiff for $417 damages.

Motion for a new trial overruled. Judgment upon the verdict; from which the defendant appealed.

*Enos & Hall*, for appellant.

*D. F. Weymouth*, for respondent.

*By the Court*, PAINE, J. This being an action by a married woman, to recover for the conversion of a quantity of wood, the defendant, on the trial, asked the court to instruct the jury that, in order to recover, she must prove her title " by evidence that did not admit of reasonable doubt." This was refused, and the defendant, claiming it to be error, relies on the cases of *Stanton vs. Kirsch*, 6 Wis., 338, and *Horneffer vs. Duress*, 13 id., 603. But the doctrine of those cases is properly applicable only where there is a contest between a married woman and the creditors of her husband, in respect to the ownership of property. As against a mere wrongdoer, a married woman should be allowed to establish her title by the same kind and quantity of proof that would suffice in the case of any other plaintiff. There was no error in this refusal. We think also that the court properly instructed the jury that if they found that the plaintiff was in possession of the land from which the wood was cut, and in possession of the wood, the defendant could not defeat a recovery by showing title to the land in Ogden, there being no offer by the defendant to connect itself with such title. It is true, there are cases where it is stated generally that in trover the defendant may show title in a third person. But that should be understood as assuming that the defendant offers at the same time to connect himself with such title. In *Schermerhorn vs. Van Valkenburg*, 11 Johns., 529, and *Rotan vs. Fletcher*, 15 id., 207, the defendant made such offer, and the language of the court, though general, must be interpreted by the facts. In the case of *Kennedy vs. Strong*, 14 Johns., 128, the court held the defendant precluded upon other grounds from questioning the plaintiff's title, and the admission that otherwise the defendant might have shown title

in a stranger can scarcely be considered as an adjudication of the question. But in the recent case of *Jeffries vs. The Great Western Railway Co.*, 34 E. L. & Eq., 122, the precise question was fully considered, and it was held, in the language of Lord CAMPBELL, "that if a person is peaceably and quietly in possession of a chattel as his own property, a person who takes it from him, having no good title, is a wrongdoer, and that such person cannot defend himself by showing that the chattel is not the property of the plaintiff, but the property of a third person." CRAMPTON, J., admitted that there had been considerable doubt upon the point; but whatever doubts there may have been, the reasoning and decision of that case are entirely satisfactory to us.

The only remaining question is as to the rule of damages. The facts material to this are as follows: The plaintiff had caused the wood to be cut, and had piled it on the premises of the defendant, in the town of Farmington in Jefferson county, with a view of selling it to the defendant. The complaint shows that at that place it was worth about one dollar and fifty cents per cord. Before the contract of sale was completed, the defendant, by mistake, carried the wood to Janesville, and there mingled it with other wood in such a manner that its identity was lost. The plaintiff then demanded it at Janesville, and the defendant did not deliver it. Wood at that time was worth four dollars per cord in Janesville, and was afterwards worth five. The question is, whether the plaintiff should recover its value at Janesville, or only the value at Farmington, where it was first taken.

There are cases which would seem to sustain the right of the plaintiff to recover the value at Janesville, although the increase in value arose solely from the labor of the defendant in transporting it to that place. In the case of *Walther vs. Wetmore*, 1 E. D. Smith, 28, the following are cited as sustaining such a rule: *Curtis vs. Great*, 6 Johns., 168; *Babcock vs.*

*Gill,* 10 id., 287; *Brown vs. Sax,* 7 Cow., 95; *Baker vs. Wheeler,* 8 Wend., 505.

I do not think that all of them sustain it. Thus in the case of *Babcock vs. Gill,* the plaintiff had employed one Howard to manufacture black salts, which the plaintiff furnished, into pearl ashes. Howard was already indebted to the plaintiff, and his labor was to be applied in payment of the indebtedness. He manufactured the pearl ashes, and they were afterwards converted. The court very properly held that the plaintiff might recover their value, inasmuch as Howard was only the agent of the plaintiff in doing the work. He would still have been entitled to credit for his labor, on his indebtedness to the plaintiff. So that the question was a very different one from that presented here.

In *Curtis vs. Grant* the plaintiff had trespassed upon the defendant's land and manufactured his timber into coal, which remained, however, in the defendant's possession. The trespasser then sued the owner of the land for the coal, and it was held that he had no cause of action, for the coal belonged to the owner of the timber out of which it was made. This was undoubtedly correct. For it is conceded by all the cases that a wrongdoer cannot, by bestowing labor upon the property of another, which he has tortiously taken, thereby divest the title of the original owner, but the latter may retake it in whatever form, so long as its identity can be established. But it seems to me that although the owner's right of recaption has been thus settled, it does not necessarily follow that, if he voluntarily waives that right and sues for damages, he should recover, in all cases, the full value of the property at any time when he might have retaken it, though a large portion of such value had been given it by the labor of the defendant. The difficulties which exist in the former case, preventing any other rule than the one adopted, do not exist in the latter.

In determining the question of recaption, the law must either allow the owner to retake the property, or it must hold

that he has lost his right by the wrongful act of another.   If retaken at all, it must be taken as it is found, though enhanced in value by the trespasser.   It cannot be restored to its original condition.    The law, therefore, being obliged to say either that the wrongdoer shall lose his labor, or the owner lose the right to take his property wherever he may find it, very properly decides in favor of the latter.

But where the owner voluntarily waives the right to reclaim the property itself, and sues for the damages, the difficulty of separating the enhanced value from the original value no longer exists.   It is then entirely practicable to give the owner the entire value that was taken from him, which certainly seems to be all that natural justice requires, without adding to it such value as the property may have afterwards acquired from the labor of the defendant.   In the case of recaption, the law does not allow it because it is absolute justice that the original owner should have the additional value, but because the wrongdoer has by his own act created a state of facts where either he or the owner must lose something. There the law says the wrongdoer shall lose.   But if the owner chooses to resort to another remedy, in applying which the law may give him full compensation for all that he has lost, without compelling the wrongdoer to pay more, I see no reason why that should not be the rule.   The value of the property at the moment of conversion, with such increase as it may have received from fluctuations of the market, or other causes independent of the acts of the defendant, should be the measure of damages.

If there is any force in these considerations, those cases which have assumed that the measure of damages should in all such instances include the enhanced value of the property, merely because the owner might have retaken it, ought not to be followed.

In one of those cases, *Brown vs. Sax*, 7 Cow., 95, Justice SUTHERLAND delivered a dissenting opinion, which certainly

presents some very strong reasons against the rule adopted by the court. And his views are sustained by the following cases: *Cushing vs. Longfellow*, 26 Maine, 310; *Moody vs. Whitney and others*, 38 id., 174; *Forsyth vs. Wells*, 41 Pa. St., 291; *Morgan vs. Powell*, 43 E. C. L., 734. It is true that two of these cases were actions of trespass, and that they contain intimations that the owner might have demanded the property in its improved condition, and then recovered its value in that condition. But *Moody vs. Whitney et al.*, and *Forsyth vs. Wells* were actions of trover, and reject such a distinction, and hold that in trover, at least where the property was taken by mistake, the rule of damages should be the same as in trespass—that is, the value where first taken.

We have concluded to follow that rule, the facts in this case showing that the property was taken by mistake, and therefore not requiring us to go any farther. But I will also add that, in my opinion, it is immaterial whether the property is taken by mistake or intentionally, unless in the latter case the taking is of such a character as to make the doctrine of exemplary damages applicable. It is not every intentional trespass or conversion that makes a case for exemplary damages. If a man takes a tree from my land by mistake, I am damaged just as much as though he took it intentionally; and if in case of mistake I ought to recover only the value of the tree, although he may have manufactured it into costly furniture, for the reason that the value of the tree is all that I have lost, then the fact that he took it knowing it to be mine ought not to vary the rule of damages, for the plain reason that my loss is the same in one case as the other.

It follows from our conclusion on this point, that the court should have given the fourth instruction asked by the defendant, that the value of the wood at Farmington, where it was first taken, with interest, constituted the measure of damages.

For this reason the judgment must be reversed, and a new trial ordered.