SINGLE vs. SCHNEIDER and another

REPLEVIN: *Change in form of property — Measure of compensation.*

1. The owner of chattels which have been converted *by mistake*, may reclaim them, whatever additional value they may have acquired by changes in their form, through the labor of the defendant.

2. But in replevin, in such a case, where a return of the property cannot be had, the measure of the compensation therefor is the difference between the actual value when replevied and the addition to its former value made by defendant's labor.

APPEAL from the Circuit Court for *Marathon* County.

Replevin for lumber. The facts are stated in the opinion. The defendants regained possession of the property from the officer, in the manner provided by the statute. Verdict for the plaintiff; and defendants moved to set it aside, as against the law and the evidence; but the motion was denied. On plaintiff's motion, judgment was rendered in his favor for the value of the property, as found by the verdict. From this judgment, defendants appealed.

*W. C. Silverthorn* (with *A. B. Braley*, of counsel), for appellants, contended that the rule of compensation or damages for the wrongful taking or conversion of chattels, or breach of a contract of sale, where there has been no fraud or willful wrong on the part of the defendant, is the value of the property at the time of the taking, conversion, or breach. 2 Kent, 180; Sedgw. on Dam. 277, 505, 510, 519, 549; *Pacific Ins. Co. v. Conard*, 1 Bald. 138; *Conard v. Atlantic Co.*, 1 Pet. 386; *Conard v. Nicol*, 4 id. 291; 3 id. 69; 10 id. 80, 95; 5 Cow. 106; 2 Term, 4; Anthon's N. P. 94; 8 W. & S. 189; 24 Wend. 379; 21 id. 394; 2 Campb. 510; 6 C. & P. 167; *Rose v. Story*, 1 Pa. St. 191; *Kennedy v. Whitwell*, 4 Pick. 466; *Sargent v. Franklin Ins. Co.*, 8 id. 90; *Johnson v. Sumner*, 1 Met. 172; 3 id. 9; *Barry v. Bennett*, 7 id. 354; *Lillard v. Whittaker*, 3 Bibb, 92; *Sproule v. Ford*,

3 Littell, 25; *Watt v. Potter*, 2 Mason, 77; *White v. Webb*, 15 Conn. 302; *Green v. Farmer*, 4 Burr. 2214; *Martin v. Porter*, 5 Mees. & W. 352; 8 id. 145; 19 Me. 361; 7 Cow. 95; *Weymouth v. Ch. & N. W. R. R. Co.*, 17 Wis. 550.    2. The rule in regard to the confusion of goods does not apply except in cases of fraud or of willful wrong; and, even in such cases, is not always enforced. 2 Kent (3d ed.) 364.    3. The rule in replevin, which requires judgment for the return of the property or for its value, is not arbitrary and inflexible, but yields to circumstances.    It is enough that plaintiff obtains full compensation for his pecuniary loss. *Booth v. Ableman*, 20 Wis. 21, 602, 609.

*G. L. Park*, for respondent, cited 2 Kent, 363; *Betts v. Lee*, 5 Johns. 349; *Curtis v. Groat*, 6 id. 168; *Silsbury v. McCoon*, 3 Coms. 379; Edwards on Bailments, 132.

PAINE, J.    This action was brought to recover possession of certain lumber, which it was claimed had been manufactured from logs cut without authority upon the plaintiff's land.    There was evidence tending to show that the defendants, who owned land adjoining the plaintiff's, got over the line by mistake.    And there was also some evidence tending to show that they cut some on the plaintiff's land, after they were notified of the mistake.    There was also an offer of a tax deed in evidence, which was rejected; and the plaintiff's affidavit shows that the defendants claimed title to the property under this tax deed.    There was some talk between the parties about the defendants settling with the plaintiff for what they had cut; but this does not seem to have been done.    Nor did the plaintiff take any steps to recover the logs, but marked them and kept watch of them at the mills until they were sawed and rafted, and then brought this action to recover the lumber.    The defendants gave an undertaking under the statute, and retained the property.    The jury found for

the plaintiff, and assessed the value of the property at the entire value of the lumber as it was proved to have been at the time of commencing this suit.

The material and interesting question in the case is, whether, assuming the logs to have been cut on the plaintiff's land, he ought to recover the entire value of the lumber, without any deduction for the labor of the defendants in cutting, hauling, and manufacturing the logs into the lumber.

If the action had been for the trespass or conversion, he could only have recovered the value of the timber at the time it was taken, at least if it was taken by mistake. *Weymouth v. The Ch. & N. W. R. R. Co.*, 17 Wis. 550. And, upon the evidence and the whole record, I think these defendants stand in as favorable a position as though it were conceded that the logs were taken by mistake. There is proof tending to show a mistake as to a part; and it appears, also, from the plaintiff's affidavit, that they claimed title to the land. They are not to be regarded, therefore, as willful trespassers. Upon these facts, it seems contrary to the dictates of natural justice, that the plaintiff should be allowed to wait quietly until the defendants had manufactured the logs into lumber, enhancing their value four or five fold, and then recover against them that entire value. True, it is generally recognized that a wrong-doer cannot, by changing the form of another's property, change the title. The owner may pursue it, and reclaim it specifically by whatever remedy the law gives him for that purpose. If he gets it, it is his. But the apparent injustice of allowing one to thus avail himself of the labor and money of another, in cases similar to this, has led to a modification of this stringent rule of ownership, wherever the question is resolved into one of mere compensation in money for whatever injury the party may have suffered. This modification has thus far been developed almost entirely. in actions of trespass or trover, like that of *Weymouth*

*v. Ch. & N. W. R. R. Co.*, and the cases therein referred to. But, in the recent case of *Herdic v. Young*, 55 Pa. St. 176, the supreme court of Pennsylvania applied the same rule in an action of replevin. They there held that, inasmuch as the law gave the defendant the power to retain the property by giving a bond, whenever he availed himself of that right, the question became then one of damages merely, and that the form of action ought not to produce a difference in the result. The damages to be recovered should be the same as though the action were trespass. This case seems to us so well adapted to the promotion of justice and the prevention of injustice, that we have concluded to follow it. To apply that rule here would have required the value of the property to have been assessed at the full value of the lumber, deducting the expense of all that the defendants had done upon it down to the time the suit was begun. As remarked by the court in that case: "Such a standard of damages, growing out of the nature of the act and the form of the action, is reasonable, and does justice to both parties. It saves to the otherwise innocent defendant his labor and money, and gives to the owner the enhancement of the value of his property growing out of other circumstances, such as a rise in the market price, a difference in price between localities, and other adventitious causes." Our statute provides that the jury shall assess the value of the property. But that is merely as the basis of recovery in case a delivery cannot be had. The intent was, to fix the value that the plaintiff was entitled to recover. Thus, in case of a lien or other special interest, the value to be fixed would be the amount of that lien or interest. *Booth v. Ableman*, 20 Wis. 21. And although, in strict law, the plaintiff is the general owner of the property, yet, when it is once settled that he ought not to recover the value it has received from the defendant's labor, the application of the rule would seem to place him upon substantially the

same footing with the owner of a special interest, so far as ascertaining the value is concerned. Perhaps the best way in such a case would be, to direct the jury to find the actual entire value of the property, and to find specially the amount to which its value had been enhanced by the defendant's labor. And then, in case of judgment for the plaintiff, it would be in the alternative, for a delivery, or, if that could not be had, for the amount of the difference between the two sums thus found.

It is quite probable that this question was not distinctly presented to the court below. But it seems to be fairly raised by the motion for a new trial, on the ground that the verdict was against the law and the evidence; and that motion ought to have been granted.

For this reason the judgment must be reversed, and the cause remanded for a new trial.

*By the Court.* — Ordered accordingly.