## WEBSTER vs. MOE and another.

MEASURE OF DAMAGES, *for cutting and removing timber.*

In an action (commenced *before* ch. 263, Laws of 1873, took effect), for a trespass in cutting and removing trees from plaintiff's land, no claim being made of damages for any injury to the land: *Held,* that plaintiff was entitled to recover, as actual damages, the *highest market price of the stumpage* at any time between the trespass and the commencement of the action.

APPEAL from the Circuit Court for *Portage* County.

The only question presented in this case, is upon an exception to the charge of the circuit judge, which is sufficiently stated in the opinion. The plaintiff obtained judgment in the circuit court, and the defendants appealed.

*Park & Jones,* for appellants:

This is not a case for exemplary damages, and the true measure of damages is the value of the timber cut and interest to the time of trial. . The words used in the case of *Weymouth v. Chicago & N. W. R'y Co.*, 17 Wis., 550, which are relied upon by the respondent, are not applicable to this case, but evi-

dently refer to such articles as have a fluctuating value.; as stocks, etc. And this case, if applicable at all, is overruled by *Chapman v. Ch. & N. W. R'y Co.*, 26 Wis., 295. In New York, where the rule is carried further than in any other state, it is expressly limited to articles of fluctuating value ; and the plaintiff must be diligent in bringing his action, where the price of the property had been paid in advance, *or it was intended for sale.* 26 N. Y., 309. Where the property is not intended for commerce, the rule is otherwise. 7 Cow., 681. The rule as claimed by appellant is laid down in Sedgwick on Dam., 554–5. In the following cases the rule of an intermediate advance in price is rejected : 10 Pick., 415 ; 8 Cush., 168 ; 48 Me., 186 ; 12 Ill., 184 and 99 ; 21 id., 118 ; 2 J. J. Marsh., 390 ; 13 La., 225 ; 13 Mich.; 9 ; 40 Miss., 362 ; 11 Casey, 28 ; 26 Conn., 389 ; 21 Mo., 279 ; 25 Ga., 537.

The rule of damages as to realty, whether for failure of title or damage to the freehold, is the purchase price and interest, or the amount of the damage and interest. Sedgw. on Dam., 143, 168 et seq. Where the property is of a fixed value, the rule is, the value of the property and interest from the taking. 18 N. Y, 496–502 ; 7 Cow., 293 ; Sedgw., 545 ; 14 Pa. St., 357 ; 41 id., 291 ; 20 Ala., 694 ; 20 Wis., 163 ; 26 id., 295. Where timber is cut without fraud, the measure of damages is the value of the timber and interest from the taking and carrying away. 24 Wis., 299 ; 30 id., 570 ; 29 id., 345 ; 55 Pa. St., 176 ; Sedgw., 145–6, 572–3. The same rule applies in other cases of trespass and trover. *Gray v. Waterman,* 40 Ill., 522 ; *Daniels v. Brown,* 34 N. H., 454 ; *Kier v. Peterson,* 14 Pa. St., 357 ; 11 Casey, 28. The true rule is to allow the injured party the value of his actual loss, and interest thereon from the time of such loss. Sedgw., 32–3.

*Jackson & Halsey,* for respondent, contended that the rule of damages given by the circuit court is the only rule which does justice to the injured party in such cases, and is sustained by the authorities in this state, in New York and England. *Wey-*

*mouth v. C. & N. W. R'y Co.*, 17 Wis., 550, 554; *Single v. Schneider*, 24 id., 299, 302; *Hungerford v. Redford*, 29 id., 345, 350; *Single v. Schneider*, 30 id., 572; *Cortelyou v. Lansing*, 2 Caines' Cas., 200, 216; 6 Duer, 696; *Fisher v. Prince*, 3 Burr., 1363; *Shepherd v. John*, 2 East, 211; *Whitten v. Fuller*, 2 W. Black., 902; Sedgw. on Dam. (2d ed.), 479, and cases there cited.

COLE, J. The only exception taken in this case was in respect to the rule of damages laid down by the circuit court. The action was for a trespass in cutting down and removing pine trees from the plaintiff's land some three or four years before the suit was brought. It appeared that the value of stumpage, or of the trees cut, had increased since the trespass; and the question is as to the proper measure of damages in such cases. The circuit court directed the jury that the plaintiff was entitled to recover the highest market value of the stumpage at any time between the time the trees were cut and the commencement of the action; and that if the market value of stumpage had risen since the trees were cut, the plaintiff was entitled to recover that advanced value. The defendants contend that the damages recoverable are the value of the timber cut, or stumpage, at the time of the cutting, and the interest on that value to the time of trial.

The evidence showing under what circumstances the trespass was committed, is not before us. Therefore, whether the timber was cut through some mistake on the part of the defendants as to the title or boundaries of the land, or intentionally or even wantonly, we do not know. The plaintiff, however, does not claim exemplary damages, nor does he claim to recover for any special injury to the realty resulting from the cutting of the timber. But as the stumpage, so called, aside from the soil on which it stands, has a marketable value which can be readily ascertained, he claims that he has the right to recover that value when it has increased since the timber was cut. Such

clearly is the intimation of this court in *Weymouth v. Chicago & Northwestern R'y Co.*, 17 Wis., 550. That was an action of trover for the conversion of a quantity of firewood taken by the company through mistake from its grounds in the town of Farmington, Jefferson county, and carried to Janesville, where it was mingled with other wood, belonging to the company, in such a manner that its identity was lost. The wood was worth considerably more at Janesville than at Farmington, and the plaintiff insisted upon the right to recover its value at the former place. But this court did not sustain that view, and Mr. Justice PAINE, in considering the rule of damages applica- ble to the case, said : " The value of the property at the moment of conversion, with such increase as it may have received from fluctuations of the market, or other causes independent of the acts of the defendant, should be the measure of damages." p. 554. This was refusing to give the plaintiff the benefit of the additional labor bestowed upon the wood in transporting it to a better market, and was substantially the rule adhered to in *Single v. Schneider*, 24 Wis., 299, and *Hungerford v. Redford*, 29 id., 345. See also *Moody v. Whitney*, 38 Maine, 174; *Bennett v. Thompson*, 13 Iredell's Law, 146; *Smith v. Gonder*, 22 Ga., 353; *Whitbeck v. The New York Central R'y*, 36 Barb., 644. The case of *Single v. Schneider* was an action of replevin; and when the cause was before this court on a second appeal (30 Wis., 570), the question was raised, whether the original owner, in that form of action, had the right to recover the property in its new and improved condition; and we adopted the rule that the usual measure of damages was the value of the prop- erty before it had been improved by the skill and labor of the wrongdoer, even where the property had been taken by him knowingly, except where such taking was accompanied by acts of insult or malice which would justify exemplary damages. This rule was much less favorable to the rightful owner than the one adhered to by a great number of authorities, which gave him the property in its new and improved state. But as

soon as the decision in *Single v. Schneider* became known, the legislature passed ch. 263, Laws of 1873, prescribing what should be the measure of damages for the wrongful cutting of timber, and changing the rule laid down in that case. This law provides that in all actions thereafter commenced in any of the courts of this state to recover the possession of logs, timber, or lumber wrongfully cut from the lands of another, or to re-cover the value thereof, or damages for such cutting, if the plaintiff succeed, he shall, unless the possession of such prop-erty be restored to him, recover as damages the highest market value of such logs, timber or lumber, in whatsoever state or condition the same be put by the party cutting the same be-tween the time of such cutting and the time of the trial of the action. This statute is prospective in its language, and per-haps is not necessarily and absolutely controlling in this case, which was pending when it took effect. But still, in view of this legislation, we have no hesitation in affirming the rule of damages laid down by the court below. We are not aware that the principle has been otherwise ruled in this court, and it is certainly conforming the decision in this case to what must be the doctrine in the future. As an original question, there is much reason for saying that this rule only furnishes a just and proper indemnity to the owner for the injury done him in cases of this description. The timber may be cut by the wrong-doer when it is low, and when the owner wishes it to stand in order to give him the benefit of a rise in the market. The value of the timber at the time of the trespass, and interest thereon to the time of trial, would not in that case give him compensation for the injury. And if one chooses to invade the rights and property of another, he cannot complain if the owner waits for a rise in the market and delays bringing his action. Let him make good the loss he has caused such owner by his wrongful act, or cease to interfere with the property of another. In this case there is no claim for any damages on account of the diminished value of the real estate, and the

highest value of the stumpage intermediate the cutting of the timber and the time of trial, would seem to no more than compensate the plaintiff for the loss he has sustained by the trespass.

*By the Court.*—The judgment of the circuit court is affirmed.