BREWSTER and another vs. CARMICHAEL.

REPLEVIN: LOGS: DAMAGES. *(1) When court may direct verdict for plaintiff in replevin. (2) Proof of value of stumpage rejected, and statutory rule of damages applied. (3) Identification of the property. (4) When action of replevin treated as action of trover.*

1. In replevin for logs, where it appears that they were cut for defendant, without authority, on land of another person; that they afterwards passed into defendant's possession; that the owner of the land sold and conveyed them to the plaintiffs, who duly demanded them of the defendant; and that the latter refused to deliver them on such demand, or to pay for them, the court may direct a verdict for the plaintiffs.

2. Proof of the value of the stumpage may be rejected, and the rule of damages prescribed by ch. 263, Laws of 1873, applied, even where the logs were cut before that statute was enacted, and also before the decision of *Single v. Schneider*, 30 Wis., 570, which led to it.

3. In replevin, where the property has been seized by the sheriff and then returned to defendant, under the statute, plaintiff, on proof of the unlawful taking and detention of the property described in the complaint, and of its value, may take judgment for such value with damages for the detention, without showing the identity of the property seized by the sheriff with that taken by the defendant.

4. In such cases, the action is regarded as a concurrent remedy with trover, and to be governed by the same rules.

APPEAL from the Circuit Court for *Chippewa* County.

Replevin, for logs. The action was originally brought against three defendants, but was dismissed as to two of them, on the trial. The complaint, in addition to other averments usually found in complaints in similar actions, also alleged that the defendants had willfully intermingled said logs with others of the same description and mark, belonging to themselves. Answer, a general denial.

The provisional remedy given in such actions by statute (R. S., ch. 128) was resorted to by the plaintiffs to obtain immediate delivery of the logs in controversy; and to the requisition upon the sheriff to take the property, etc., that officer returned that he had seized the same. The appellant thereupon procured a return of the logs to himself by complying with the requirements of the statute in that behalf. On the trial, the court refused to allow the defendant to prove the value of stumpage at the time when, and in the locality where, the logs were cut. At the close of the trial the court directed the jury to return the following verdict: "We, the jury in this action, find for the plaintiffs that they are the owners of the property described in the complaint; that the value thereof is $689.50; and assess $80 damages for the detention thereof; and that the plaintiffs are entitled to a return thereof." The plaintiffs elected to take judgment under the statute (ch. 124, Laws of 1869; Tay. Stats., 1504, § 39) for the value of the property, and not for a return thereof, and for damages; and, after remitting ten per cent. of such value and damages as found by the jury, they took judgment for the remaining ninety per cent. thereof. Defendant appealed from the judgment.

The case is further stated in the opinion.

The cause was submitted for the appellant on the brief of *Bailey & McCaslin*, who argued, 1. That there was no proof to sustain the verdict. Plaintiff must identify the property claimed by him, with reasonable certainty; such

certainty that the judgment can be pleaded in bar to a suit by another. It must be clearly shown that the logs taken were those described in the complaint. 35 Wis., 644. This does not appear in this case, nor is there any proof that defendant had possession of the property described in the complaint; and replevin can only be maintained against those in possession. 25 Wis., 705; 31 id., 533; 12 Barb., 347. 2. Prior to the passage of ch. 263, Laws of 1873, the rule of damages was the value of the stumpage (24 Wis., 299; 29 id., 345; 30 id., 570); and that law does not affect actions of this character for trespasses committed before its passage, notwithstanding the fact that it provided, in general terms, a rule of damages in all such actions *thereafter commenced*. It is a general principle, that statutes are never construed to act retrospectively, unless such intention is unmistakable. Such an intention is not to be inferred from the fact that general language is used which might include past transactions as well as future ones. 15 Wis., 548; 21 id., 268; 36 id., 195; 2 Hill, 238; 8 Wend., 661; 4 Denio, 376; 2 Seld., 463; 15 N. Y., 595; 24 id., 23; 23 Wend., 481-2; *Salters v. Tobias*, 3 Paige, 344; 10 Ohio, 385-390; 17 id., 127; *Kelly v. Kelso*, 5 Ohio St., 198. 3. The court erred in directing the verdict. The value of the timber, when and by whom it was cut, whether defendant ever had possession of it, and whether he refused to deliver it on demand, were all proper questions for the jury. *Ætna Insurance Co. v. Northwestern Iron Co.*, 21 Wis., 464.

*J. M. Bingham*, for respondents, argued that there was sufficient proof of *Carmichael's* possession of the logs, and even if actual possession were not proven, there was abundant evidence of constructive possession, which is sufficient to sustain an action of replevin. *Gallagher v. Bishop*, 15 Wis., 276; *Grace v. Mitchell*, 31 id., 533. 2. The evidence shows that plaintiff demanded the logs of defendant before action brought; but if no demand had been made, the action could still be sustained. *School District v. Zink*, 25 Wis., 636.

3. The value of the stumpage is not the true measure of damages. Laws of 1873, ch. 263; *Webster v. Moe*, 35 Wis., 75. 4. The court did not err in directing a verdict for plaintiffs, as there was no evidence whatever for the defense, and the only testimony that could raise any question as to the value was found in the statement of one witness that he " should call these trees at ten per cent. discount." This was remedied by plaintiffs remitting from the verdict ten per cent. of the whole amount found by the jury.

LYON, J. Numerous reasons are given for a reversal of the judgment appealed from; but the case is controlled by a few facts and principles, which can best be stated and applied without attempting to refer, in detail, to the alleged errors assigned for the appellant.

The undisputed evidence given on the trial proved conclusively, that in the winter of 1871–2, one McCann cut a quantity of logs for the defendant on lands belonging to one Crowley, without any authority whatever; that the logs afterwards passed into the possession of the defendant; that in October, 1872, Crowley sold and conveyed the same logs to the plaintiffs, who duly demanded them of the defendant; that the latter refused to deliver them on such demand, or to pay for them; and that the value of the logs, when this action was commenced, was greater than the amount of the judgment therefor recovered by the plaintiffs.

Under these circumstances, we think the court properly directed the jury to find for the plaintiffs; and if the jury were directed to assess the value of the logs and the damages at too high figures, the error was abundantly cured (unless an incorrect rule for ascertaining such value was applied) by the discount therefrom of ten per cent., and the rendition of judgment for the reduced sum only.

This brings us to inquire whether the proper rule was applied to ascertain the value of the logs. The court rejected

proof of the value of stumpage; and it is entirely clear that the rule prescribed by ch. 263, Laws of 1873, was applied for that purpose. The cause of action arose before the enactment of that statute, and also before the decision of *Single v. Schneider*, 30 Wis., 570, which led to it. In *Webster v. Moe*, 35 Wis., 74, there is a strong intimation that the rule of the statute ought to be applied in all actions for the wrongful cutting of timber, whether the cause of action accrued before or after the statute was enacted; and it was applied in that case to a cause of action older than the statute, so far as was necessary to sustain the rulings of the court below, but not to the full extent of the statutory rule. Surely the maxim *stare decisis* cannot be invoked to control the rule of damages in an action for a tort; and there are very cogent reasons why the statutory rule should have prevailed always. At any rate, after the legislature has settled the policy of the state in that behalf, no good reason is perceived why the courts should not adopt and enforce that policy in all cases, without regard to the date of the trespass. Hence, we think the correct rule was applied in this case, when the court allowed the plaintiffs to recover on the basis of the value of the logs at the commencement of the action, which is clearly within the statutory rule.

It follows from the foregoing views that the court properly rejected proof of the value of stumpage. It is understood that logs, like wheat and many other staples, have at all times a market value, which can readily be ascertained without resorting to proof of the cost of production. And it seems to be as unnecessary to show the value of stumpage in order to ascertain the value of logs, as it would be to show the cost of plowing the ground upon which it was grown in order to fix the market price of wheat.

But it is said that there is no sufficient proof that the logs seized by the sheriff are the identical logs cut by McCann upon Crowley's land. It seems to be claimed by counsel for the

appellant that such proof is essential to the maintenance of the action. This view is untenable. The logs replevied were returned to the defendant, and, manifestly, the parties are in the same position in respect to them as they would have occupied had the property not been seized and returned, in which case there is no doubt whatever that the action might have proceeded to judgment for the plaintiff for the possession of the property, or for its value in case delivery thereof could not be had. In *Dudley v. Ross*, 27 Wis., 679, it was held that replevin can be maintained under our present law in any case where goods are wrongfully taken from the possession of the owner, even though the statute expressly prohibits the owner from resorting to the provisional remedy therein provided to obtain immediate delivery of the property. The truth is, when, as in the present case, the property seized in replevin has been returned to the defendant, and the plaintiff takes judgment absolutely for the value thereof and damages for the detention, the action of replevin " performs the functions and accomplishes the results of an action of trover," and no good reason is perceived why, in such cases, replevin and trover are not concurrent remedies, governed by the same rules. *Bigelow v. Doolittle*, 36 Wis., 115, is authority for this position.

We conclude, therefore, that it is entirely immaterial in the present case, whether the sheriff seized the logs described in the complaint or some other logs, on the provisional proceeding in that behalf. And it is also immaterial whether the defendant intermingled the logs in controversy with others having the same mark upon them, as charged in the complaint. The gist of the action is the alleged unlawful taking and detention of the logs by the defendants; and such taking and detention are abundantly proved by undisputed evidence.

*By the Court.* — The judgment of the circuit court is affirmed.