WRIGHT VS. THE E. E. BOLLES WOODEN WARE COMPANY.

*September 1 — September 20, 1880.*

Statutory rule of damages for logs wrongfully cut on plaintiff's land.

Sec. 4269, R. S., declares that in all actions to recover the possession or value of logs, etc., wrongfully cut on plaintiff's land, or to recover damages for the trespass, the highest market value of such logs, etc., "in whatever place, shape or condition, manufactured or unmanufactured, the same shall have been at any time before the trial, while in possession of the trespasser or any purchaser from him with notice, shall be awarded to the plaintiff if he succeed," etc. *Held*, that this provision has no application to a case where the defendant is an innocent purchaser of the logs.

APPEAL from the Circuit Court for *Marinette* County.

The defendant company contracted with one Hayes to purchase of him a quantity of logs, to be delivered in the boom of the company at Depere, and the logs were subsequently delivered there by Hayes pursuant to the contract. Of the logs so delivered, 211,000 feet, board measure, were unlawfully cut by Hayes upon lands belonging to the state. After the logs were thus delivered to the defendant, the plaintiff purchased the lands from which they were taken, and received patents therefor from the state. This action is brought under R. S., p. 115, section 222, to recover damages for the trespass of Hayes. In addition to the above facts, the jury found specially that the defendant did not direct Hayes to cut timber on such lands; that when it received the logs it did not know that

they were taken therefrom by Hayes without authority; and that, although the defendant had previously agreed to enter the same lands for Hayes, the latter did not inform the company that he wanted to take logs therefrom to fulfil his contract with it. The jury also found that the value of the standing timber which was cut on said lands and delivered to the company, was 50 cents per 1,000 feet, board measure; and that its highest market value while in the possession of Hayes, or while it remained in the log, was five dollars per 1,000 feet. On these findings the court gave judgment for the plaintiff for the lowest value found by the jury, that is, for $105.50, and costs. The plaintiff appealed from the judgment, claiming that he was entitled to a judgment for the highest value so found.

For the appellant there was a brief by *Webster & Brazeau*, and oral argument by *Mr. Webster*.

For the respondent there were briefs by *Hastings & Greene*, and oral argument by *Mr. Hastings*.

LYON, J. The record contains no bill of exceptions, and hence the testimony given on the trial is not before us. The case must be determined, therefore, upon the pleadings and special verdict. In addition to the necessary averments of title, the complaint charges the trespass by Hayes, " acting for and under the authority and directions of said defendant," and the conversion of the logs by the defendant to its own use. The answer is a general denial of all the allegations of the complaint, except the corporate character of the defendant. Some criticism was made by the learned counsel for the plaintiff on the alleged evasive and inconclusive character of the findings respecting the defendant's want of knowledge that the logs received of Hayes were unlawfully taken from public lands; but the record fails to show any exception, on behalf of the defendant, to the questions submitted, or any request that more direct or conclusive questions on that sub-

ject should be submitted to the jury. The plaintiff was satisfied with the questions submitted, and the answers of the jury thereto were positive and direct, and we think established the fact that when the defendant received the logs it had no notice or knowledge that Hayes unlawfully took them from the lands of the state. It must be considered, therefore, as a verity in the case, that the defendant was an innocent purchaser of the logs.

The damages awarded by the court to the plaintiff were assessed on the basis of the rule of *Weymouth v. Railway Co.*, 17 Wis., 550, and *Single v. Schneider*, 30 Wis., 570; that is to say, damages were awarded for the value of the timber when taken, and before such value was enhanced by the labor and skill of the trespasser. It is not claimed that such value was afterwards increased by an advance in the market price of the stumpage. The plaintiff claims that he is entitled by statute to recover the highest market value of the logs while in the possession of Hayes, which was five dollars per thousand feet. R. S., 1022, sec. 4269. That section contains the following provision: " In all actions to recover the possession or value of logs, timber or lumber wrongfully cut upon the land of the plaintiff, or to recover damages for such trespass, the highest market value of such logs, timber or lumber, in whatever place, shape or condition, manufactured or unmanufactured, the same shall have been at any time before the trial, while in possession of the trespasser or any purchaser from him with notice, shall be found or awarded to the plaintiff, if he succeed, except as in this section provided."

The question to be determined is, Does this statute apply to a case in which the defendant is an innocent purchaser of the timber or logs from the trespasser; or is the measure of damages in such a case the value of the timber when cut, with interest; or, in a proper case, its present value at the place where it was taken, and in the form it was in when taken? See *Ingram v. Rankin*, 47 Wis., 406.

The statute above quoted has been applied, and the statutory

measure of damages sanctioned by this court, in *Webster v. Moe*, 35 Wis., 75; *Brewster v. Carmichael*, 39 Wis., 456; and *Webber v. Quaw*, 46 Wis., 118. But these were actions against the persons who actually cut the timber, or directed it to be done. Neither of them involved the question we are now considering, and we are not aware that it has ever before been raised in this court. *Hazelton v. Week*, 49 Wis., 661, is relied upon by counsel for plaintiff to support his views. It is sufficient to say of that case that it did not present any question of the measure of damages, and nothing is said in the opinion which was intended to relate to that subject, or to the scope of section 4269.

The statute is in the nature of a penal one. Its application to this case would increase the damages tenfold. It is confined in its operation to a single class of trespassers, and establishes a rule of damages therefor which may, and often does, give the injured party much more than actual compensation for the injury he has suffered, and much more than he could recover for a trespass upon other property, equally injurious to him and committed under the same circumstances. By all sound rules of construction such a statute should be interpreted with reasonable strictness, and its penalties should be inflicted only in cases clearly within it.

The purchasing of logs and timber which have been floated down the streams of the state to market, frequently for long distances, is a most important branch of commerce in this state. These purchases amount to an enormous sum every year, and the money paid on account of them, or a large percentage of it, goes to pay the wages of thousands of men who are employed to cut the logs and get them to market. In the nature of things, it is impossible that such purchasers can always, or usually, ascertain where the timber or logs they buy in the market were cut, or whether those cutting them had lawful authority to do so. If such dealers are held responsible for every trespass committed by those who cut the logs purchased by them in good faith, and are subjected to

Wright vs. The E. E. Bolles Wooden Ware Co.

the statutory rule of damages, no one could purchase logs, timber or lumber in the market with any safety. The result of such responsibility would necessarily be to embarrass and check an important business, and greatly to injure an important industry of the state. We are slow to believe that by enacting section 4269 the legislature intended any such result; and it ought not to be held that it so intended, unless the language of the statute clearly and unmistakably indicates such intention.

The statute undoubtedly applies to the actual trespasser. In *Brewster v. Carmichael, supra*, we held that one for whom, and by whose direction, the trespass was committed, was also within its provisions and liable to its penalties. It should be observed here that it appears in the record of that case, although not fully stated in the report of it, that McCunn, the actual trespasser, was employed by the defendant to cut the timber for him, and did so by his direction; and that the recorded mark of the defendant was put upon the logs, and they were inspected and scaled by persons employed by him. It may be that a purchaser from the actual trespasser, with notice of the trespass, should also be held liable to the statutory rule of damages. There is some language in the statute which might justify, perhaps require, such an interpretation. But we do not pass upon that point here. Without going into a critical analysis of the statute, or discussing it further, it must suffice to say that its language is not sufficiently clear and explicit to warrant us in holding that it has any application to a case where the defendant is (as in this case) an innocent purchaser of the logs, timber or lumber which is the subject of the action. We must therefore hold that such a purchaser is not liable to the penalties of the statute. If the legislature intend or desire a different rule, it is easy to express that intention in unmistakable terms.

*By the Court.*— The judgment of the circuit court is affirmed.