Tuttle, Trustee, and another vs. Wilson.

*August 31 — September 27, 1881.*

*Damages for cutting and carrying away timber.*

In an action for damages for cutting and carrying away logs or timber from plaintiff's land, the measure of damages is the value of the timber, upon the land, at the time of the cutting, except in the cases provided for in sec. 4269, R. S. *Wright v. Wooden Ware Co.*, 50 Wis., 167. And to bring the case within the statute, the burden of proof is upon the plaintiff.

APPEAL from the Circuit Court for *St. Croix* County.

Action to recover the value of a quantity of saw-logs alleged to have belonged to the plaintiffs, and to have been unlawfully converted by the defendant. The answer denied each and every allegation of the complaint. The plaintiffs had judgment in their favor for the value of the logs at the time of the alleged conversion; and defendant appealed from the judgment.

For the appellant there was a brief by *John E. Glover* and *N. H. Clapp*, and oral argument by *Mr. Clapp*.

For the respondents there was a brief by *L. P. Wetherby* and *S. H. Clough*, and oral argument by *Mr. Clough*.

TAYLOR, J.  From the bill of exceptions it appears that the plaintiffs claimed title to the logs by reason of their ownership of the lands from which they were cut, and not by purchase. One of the errors assigned by the learned counsel for the appellant, and for which he asks a reversal of the judgment, is, that the learned circuit judge misdirected the jury upon the rule of damages applicable to the case. Upon that question he instructed the jury as follows: "If you find that any of the logs sold by the defendant were the property of the plaintiffs, you should find a verdict for plaintiffs for their value at the time and place of their conversion, adding seven per cent. interest to that amount." To this instruction the defendant's counsel duly excepted.

The allegation in the complaint is, that the logs were converted by the defendant on the 7th of July, 1870, at the city of Hudson; and the plaintiffs' proofs show a conversion by the appellant at that place and no other. The proofs also show that the lands claimed to be owned by the plaintiffs, and from which the logs were cut, were situate one hundred miles or more from said city of Hudson. It is evident, therefore, that the charge of the court does not refer to the value of the logs on the lands of the plaintiffs at the time they were cut, nor to

Tuttle, Trustee, and another vs. Wilson.

the value of the stumpage on said lands at such time, but to the value of the logs at the city of Hudson at the time of the conversion. The plaintiffs' title to the logs depending solely upon the fact that they were the owners of the lands from which they were cut and taken, the rule of damages laid down by the court was not the correct rule, unless the evidence shows that the appellant, *Wilson*, was the trespasser who cut the logs, or a purchaser from said trespasser, with notice of the fact that the logs were unlawfully cut from the plaintiffs' lands. Section 4269, R. S.[1]

Previous to the enactment of the law which is now section 4269, R. S., this court had, in the cases of *Weymouth v. Railway Co.*, 17 Wis., 550; *Single v. Schneider*, 24 Wis., 299; *Hungerford v. Redford*, 29 Wis., 345; and *Single v. Schneider*, 30 Wis., 570, decided that the rule of damages in an action to recover damages for cutting and carrying away logs or timber from lands owned by the plaintiff, was not the value of such timber or logs at the place where the same was at the time of the commencement of the action, or its value as enhanced by the labor of the trespasser or others at the time of the wrongful conversion, but its value upon the lands at the time and place where the same was cut.

The decision in *Single v. Schneider*, 30 Wis., 570, was made in 1872; and at the next session of the legislature, in 1873, chapter 263, Laws of 1873, was passed, which is substantially the same as section 4269, R. S. This act made a radical change as to the rule of damages against a wilful trespasser

---

[1] Sec. 4269, R. S., provides as follows: "In all actions to recover the possession or value of logs, timber or lumber, wrongfully cut upon the land of the plaintiff, or to recover damages for such trespass, the highest market value of such logs, timber or lumber, in whatsoever place, shape or condition, manufactured or unmanufactured, the same shall have been, at any time before the trial, *while in possession of the trespasser, or any purchaser from him, with notice*, shall be found or awarded to the plaintiff, if he succeed, except as in this section provided." The other provisions of the section are not important here.

cutting logs or timber upon the real estate of another, and purchasers from him with notice. This statute was under consideration by this court in the case of *Wright v. The E. E. Bolles Wooden Ware Co.*, 50 Wis., 167, and after a full discussion of the question by learned counsel, this court determined that the provisions of that section did not apply to a purchaser in good faith of logs or timber cut upon the lands of another, without notice of the fact that the logs were cut by a trespasser, and that as to such person the rule of damages remains as fixed by this court in the cases cited above. This decision was not published when this action was tried in the court below, and that fact may account for the instruction given as to the rule of damages by the learned circuit judge on the trial. But as the defendant took exception to the rule given to the jury, he certainly can avail himself of the error upon this appeal.

It is urged by the learned counsel for the respondents, that the burden of proof was on the defendant to show that he was a purchaser in good faith, without notice of the trespass, in order to relieve himself from the rule of damages as fixed by section 4269, R. S.; and he insists that the evidence does not show affirmatively that defendant had no notice of the trespass when he took the logs and sold them. We are of the opinion that the burden of proof is upon the plaintiff. If he seeks to take his case out of the general rule as to damages fixed by the decisions of this court, and to recover damages under the provisions of the law applicable to the particular case mentioned in the statute, he must bring his case within such statute by his proofs, otherwise the general rule will apply. In order, therefore, to charge the appellant, *Wilson*, with the damages fixed by the statute, the plaintiffs were bound either to show that he was the original trespasser who cut the logs in question, or that he bought them with notice that they had been taken from the lands of the plaintiffs by an act of trespass. This was not shown by the evidence; and the rule of damages

given to the jury was not the correct rule. For this error in the proceedings in the court below, the judgment of the circuit court must be reversed.

Several other errors were assigned by the learned counsel for the appellant; but as we have determined that the judgment must be reversed for the error above stated, and the other errors which are said to have occurred on the trial relate to the admission of evidence offered by the plaintiffs, and most, if not all, of them can be avoided by the plaintiffs upon a new trial, if they deem the evidence offered on this trial of doubtful admissibility, we do not deem it necessary to pass upon them on this appeal.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.