SMITH, Respondent, vs. MORGAN and others, Appellants.

*January 11 — January 29, 1889.*

*Logs and timber: Wrongful cutting: Measure of damages: Interest: Offer of judgment: Costs.*

1. Where, in an action for the wrongful cutting of timber, the plaintiff recovers as damages, under sec. 4269, R. S., the highest market value of such timber while in the possession of the defendants, he is not entitled to recover interest on such value.

2. In an action for the wrongful cutting of timber an offer of judgment under sec. 4269, R. S., is only available to the defendant to prevent further costs, in cases where "the jury find such cutting was by mistake." An offer of judgment under that section is not available under sec. 2789.

APPEAL from the Circuit Court for *Winnebago* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action was commenced January 8, 1884, and is for

damages for wrongfully cutting timber on lands of which the title was at the time in the state, but which was subsequently, and before the commencement of this action, acquired by the plaintiff. On the former appeal it was held, in effect, that the plaintiff was entitled to recover the highest market value of the logs so cut or the lumber made therefrom. *Smith v. Morgan*, 68 Wis. 358. Upon the cause being reversed and remanded, the plaintiff amended his complaint; whereupon the defendants admitted a certain amount of such cutting, but alleged it to have been done in good faith; served an affidavit on the plaintiff's attorneys, January 11, 1888, that the same was done by mistake, and offered to allow judgment to be taken therein against them for $1,000 and costs, which the plaintiff refused to accept.

Upon the trial of the cause the jury returned a special verdict, to the effect that (1) the defendants cut from said lands 68,924 feet of logs, board measure; (2) of which the stumpage value was $3 per 1,000 feet; (3) and the highest market value at Oshkosh, $11 per 1,000 feet; (4) and the highest market value per 1,000 feet of the lumber manufactured from said logs, while it remained in the possession of the defendants *R. T.* and *John R. Morgan*, was $14 per 1,000 feet; (5) that the said *Morgans* manufactured into lumber, of said logs, 62,032 feet, board measure. Upon the motion of the plaintiff's attorneys, judgment was ordered upon said special verdict to the effect that the plaintiff have and recover of the said defendants for said 62,032 feet of lumber at $14 per 1,000 feet, amounting to $868.44; also for 6,892 feet of logs at $11 per 1,000 feet, amounting to $75.81; *also for interest on said two sums*, respectively, from January 1, 1884, amounting to $310.18,— amounting, in all, to $1,244.43 damages; and the further sum of $310.58, costs and disbursements, making a total of $1,555.01. The defendants appeal from that part of said judgment which adjudges to the plaintiff interest to the amount of $310.18

on the damages found by the jury; and also from that part which allows costs to the plaintiff after January 11, 1888; and from that part which denies costs to the defendants after said last-mentioned date.

For the appellants there was a brief by *Jackson & Thompson*, and oral argument by *H. B. Jackson*.

For the respondent there was a brief by *Cate, Jones & Sanborn*, and oral argument by *D. Lloyd Jones*. They argued, among other things, that though sec. 4269, R. S., is in the nature of a penal statute, it is *not* a penal statute and does not inflict a penalty. It simply fixes a statutory rule of damages. *Arpin v. Burch*, 68 Wis. 619; *Koons v. C. & N. W. R. Co.* 23 Iowa, 493. This rule of damages has been applied to trespasses committed before its enactment, which could not be done if the statute were penal. *Brewster v. Carmichael*, 39 Wis. 456; *Webster v. Moe*, 35 id. 75. The same rule should apply as in an action for money had and received. In such case the plaintiff would be clearly entitled to interest. That interest is recoverable as damages in tort actions, see *Bonesteel v. Orvis*, 22 Wis. 525; *Arpin v. Burch*, 68 id. 619; *Chapman v. C. & N. W. R. Co.* 26 id. 295. Even if the statute inflicts a penalty, interest should be allowed after breach. *Clark v. Wilkinson*, 59 Wis. 543; Field on Damages, sec. 546, and note; *Wyman v. Robinson*, 73 Me. 384.

CASSODAY, J. The special verdict included the highest market value of the logs and lumber before the trial and while in the possession of the defendants. It did not include any interest on such value to the time of the rendition of the verdict. The trial court, however, after the rendition of such verdict, increased the amount of damages by adding to the amount of the verdict $310.18 as interest upon such highest market value to the time of such verdict. This is the principal error assigned. Prior to the statutes

authorizing such damages, it was held by this court, in effect, that in an action by the land-owner to recover such damages he was limited to the highest market value of the stumpage at any time between the cutting and the commencement of the action. *Single v. Schneider*, 24 Wis. 299; *S. C.* 30 Wis. 570; *Webster v. Moe*, 35 Wis. 75; 3 Suth. Dam. 375, and cases cited in the note, 376–379. To such value interest might have been added. *Ingram v. Rankin*, 47 Wis. 406. Here the value of such stumpage was found to be only three dollars per thousand feet. This being so, under the common-law rule mentioned the plaintiff's damages for such cutting and conversion would have been limited to a little over $200. Under the statute, however, the plaintiff rightfully recovered a verdict for "the highest market value of such logs, timber, or lumber, in whatsoever place, shape, or condition, manufactured or unmanufactured, the same" may "have been, at any time before the trial, while in possession of the" defendants, which "highest market value," as found by the jury, amounted in the aggregate to $944.25. Of this amount some $700 must have been included by reason of the moneys expended and the labor performed in, about, and upon the timber by the defendants, but which they forfeited by reason of such wrongful cutting. Sec. 4269, R. S. To that extent, then, this statute is, in its nature, penal. *Wright v. E. E. Bolles Wooden Ware Co.* 50 Wis. 170; *Cotter v. Plumer*, 72 Wis. 479; *Fleming v. Sherry*, 72 Wis. 503. It is therefore to be strictly construed. This, in effect, has often been held. Being penal in its nature, and the damages found by the jury being largely such as were recoverable only by virtue of the statute, the plaintiff is necessarily confined to the rights thus given by the statute. The measure of damages thus given by statute cannot properly be extended beyond the letter of the statute. *Thomas v. Weed*, 14 Johns. 255. To hold that the plaintiff may not only recover such en-

larged damages, but that he may, in addition, also recover other damages recoverable at common law, would be to reverse the ordinary rule of construing such statutes, and by mere implication to extend the rights thus expressly given, not only beyond the language of the statute, but also beyond the scope and purpose of the statute. We cannot sanction such a departure.

Error is assigned because the court allowed the plaintiff for costs after the offer of the defendants to allow judgment for the amount stated. The plaintiff did not accept such offer as prescribed in sec. 4269, R. S. This being so, the affidavit of the defendants was necessarily, by the express language of the statute, to be "deemed traversed." *Ibid.* Upon the issue so formed the jury found in favor of the plaintiff, "and also the true value of such logs, timber, or lumber when so cut, as well as their highest market value," as therein provided. *Ibid.* Under that section of the statute, such offer to allow judgment is only available to the defendant to prevent further costs in cases where "the *jury find such cutting was by mistake, and* the sum, exclusive of costs, for which judgment was so offered was not less than the value of" the aggregate amount of the items therein mentioned. Sec. 4269, R. S. Since the jury did not find that such cutting was by mistake, it is manifest that such offer was not available to prevent costs under that section. But the offer of the defendants was made under that section, and that section specifically prescribes the method of making such offer in a case like this, and hence the provisions of that section must prevail as to all matters and questions growing out of the subject matter of the chapter in which it is found. Subd. 14, sec. 4972, R. S. *Smith v. Todd,* 55 Wis. 464; *Carpenter v. Murphey,* 57 Wis. 546; *Druse v. Horter,* 57 Wis. 646. The defendants, having sought to prevent further costs by making an offer to allow judgment as prescribed in sec. 4269, and failed, cannot now avail them-

selves of the benefit of the general provision of the statutes on that subject found in sec. 2789, R. S.

*By the Court.*— That portion of the judgment of the circuit court allowing to the plaintiff $310.18 for interest, as damages in addition to the findings of the jury, is reversed; and the other portions of the judgment appealed from are affirmed; and the cause is remanded for further proceedings according to law. The costs and disbursements in this court are allowed in favor of the defendants, and against the plaintiff.