## TUCKER' vs. COLE and another.

*February 15 — March 14, 1882.*

PARTNERSHIP. *(1) When notice to one partner binds all.*
REVERSAL OF JUDGMENT: *(2) For improper remarks of attorney.*

1. Where timber is purchased by a firm, prior notice to one member of the firm that it was cut from land not belonging to the proposed vendor, is notice to all the partners, so as to subject them all to the. rule of damages prescribed in such cases by sec. 4269, R. S.
2. A judgment will not be reversed for improper remarks made by the respondent's attorney to the jury, where there is no reason to believe that the verdict was influenced by them to the appellant's injury.

APPEAL from the Circuit Court for *Clark* County.

The defendants appealed from a judgment in favor of the plaintiff. The case is stated in the opinion.

*James O'Neill,* for the appellants.

For the respondent there was a brief by *R. J. MacBride* and *J. R. Sturdevant,* and oral argument by *Mr. MacBride.*

TAYLOR, J. The plaintiff recovered judgment for the value of a quantity of staves, which he alleges were made from timber cut upon his land without his authority, by an act of trespass, and which afterwards came into the possession of the defendants and were converted by them to their own use. The plaintiff recovered the value of the staves while in the hands of the defendants, under the provisions of section 4269, R. S. 1878. The proofs clearly show that a quantity of staves, made out of timber unlawfully cut upon the plaintiff's land, were purchased by the defendants and afterwards sold by them. It seems to be admitted by the defendants that the plaintiff is entitled to a judgment for the value of the standing timber, and the sole controversy is as to the right of the plaintiff to recover the value of the staves while in the hands of the defendants. The plaintiff claimed the right to such recovery on the ground that the defendants had notice that they were made

out of his timber, unlawfully and wrongfully cut upon his land by the person from whom they purchased them, and so they were within the terms of the section above referred to; that they were in fact purchasers with notice of the trespass.

The evidence on the part of the plaintiff not only tended to show that the defendant *Paschelles* had notice of the trespass, but that he actually directed the party who did the cutting to go on and commit the trespass. It is true, this is denied by *Paschelles* in his testimony; but as the jury have found in favor of the truth of the evidence given by the plaintiff's witnesses, their verdict is conclusive upon that point. There was no evidence that the defendant *Cole* had any notice of the trespass; but the evidence shows that *Cole* and *Paschelles* were partners in the business of purchasing and selling staves, and other timber and commodities, at the place where these staves were bought; and that the staves were bought and paid for by the firm, and were afterward sold by the firm, and the firm received the money therefor. The learned counsel for the appellants insist that the defendant *Cole*, although a partner of *Paschelles*, and although the staves were bought and sold by the firm, was not chargeable with notice of the trespass by reason of notice to his partner, and therefore it was error to assess damages against him under the statute above referred to. In this we think the learned counsel is mistaken.

The general rule is, that notice to one partner is notice to all, and that the tort of one partner, committed in the transaction of the ordinary business of the firm, is the tort of all. Story, in his work on Partnership, section 107, says: "So, notice to or by one of the firm is deemed notice to or by all of them;" and in section 108 he says: "The principle extends further, so as to bind the firm for the frauds committed by one partner in the course of the transactions and business of the partnership, even where the other partners had not the slightest connection with or knowledge of or participation in the fraud; for, as has been justly observed, by forming the connection of

partnership the parties declare themselves to the world satisfied with the good faith and integrity of each other, and impliedly undertake to be responsible for what they shall respectively do within the scope of the partnership concerns." Again, in section 166 of the same work, the learned author says: "But torts may arise in the course of the business of the partnership, for which all the partners will be liable, although the act may not in fact have been assented to by all the partners;" and then adds various instances where partners are held responsible for the frauds and conversions of their associates, though committed without their knowledge.

If, in the case at bar, the proof had been that before the defendants purchased these staves one of the partners had been expressly notified by the owner of the timber that they had been made out of his timber, unlawfully cut upon his land, and if they bought them he should hold them responsible for their value, can there be any doubt that if the firm afterwards bought them and converted them to their own use by a sale and receipt of the proceeds, they would be liable in an action of trover for their value, under the statute, as purchasers with notice? In that case they would not only come within the spirit of the act, but within its express letter. This statute has been considered by this court, and we have limited its effect to purchasers with notice of the wrong, and have held that it did not apply to purchasers in good faith, without notice or knowledge; and we have also said that the burden of proof is on the plaintiff to show notice to the defendant who is a purchaser from the wrong-doer, otherwise he will be presumed to be a purchaser in good faith, and not within its provisions. See *Wright v. Bolles Wooden Ware Co.*, 50 Wis., 167; *Tuttle v. Wilson*, 52 Wis., 643.

In this case the plaintiff took the burden of proof, and gave evidence on his part which, if not contradicted, was quite sufficient to show notice and bad faith on the part of one of the partners; and, as we have seen, such notice and bad faith must

under the law be imputed to his copartner.    He cannot reap the benefits of the transaction, and yet excuse himself from liability on the ground that he had no notice.    If there was any fraud or bad faith, it was the fraud and bad faith of the partnership, as well as of the individual partner.    The statute referred to is not in its nature a criminal or penal statute.    It simply prescribes a rule of assessing damages in certain cases. The authorities cited by the learned counsel for the appellants, showing that one partner cannot be held liable criminally or in a penal action for the acts of his partner, have no application to a case under this statute.    If the principal is not liable for the acts or knowledge of his agent, or the partner for the acts or knowledge of his copartner, under this act, it would very soon become a very feeble instrument in effecting the purpose for which it was enacted.

The learned counsel for the appellant insists that the judgment should be set aside because the damages are excessive. We are not clear that the verdict is not well sustained by the evidence as to its amount.    The defendants set out in their answer that they tendered before suit brought $60 for the plaintiff's damages, and the verdict is for but $75.    We cannot weigh the testimony in a nice balance for the purpose of determining whether the verdict is for a few cents or a few dollars more than the balance of the testimony would indicate was the exact amount of damage done.    The weighing and balancing of testimony is for the jury; and if there is testimony which will justify the correctness of the amount found by them, such amount must stand as the true amount.    We think the evidence given is sufficient to sustain the verdict as to amount.

The counsel also insist that the judgment ought to be reversed for the misconduct of the plaintiff's attorney in his remarks to the jury.    A part of the remarks which are claimed to be objectionable were perhaps improper; but as the counsel immediately stated to the jury that such statements were out-

side of the case and should not be considered by them, and as we do not think there is anything in the verdict of the jury which indicates that the defendants were in any way prejudiced by them, they should not effect a reversal of the judgment.

The learned counsel also alleges that there was error in the instructions given to the jury. The first exceptions are to the following instructions: "That the plaintiff could recover of both defendants the value of the staves, although one of them only was a trespasser;" and, "So, if you find that the defendant *Paschelles* directed the cutting of this timber, then you should give the plaintiff damages according to the value of the timber as it was in staves at Neillsville at the time when the defendants disposed of them and sold them." These questions we have already disposed of in this opinion, and they need no further comment. They were clearly right under the authorities above cited. We see no objection to the comment of the learned judge that "it is evident that the mere value of the stumpage in a great many cases does not compensate. Many men who have choice timber would be reluctant to have it cut for the price of the stumpage. So the law has fixed another rate of damages where the trespass is willful. That rule of damages would make the defendants liable for the value of the staves at the time when they took them and disposed of them." This is no more than a proper comment on the propriety of the law fixing the rule of damages for the wrongful cutting of timber, and, taken in connection with the rest of the charge, could not have misled the jury into the belief that they could give such damages against the defendants although the evidence in the case did not bring the defendants within the provisions of the statute. The instruction asked and refused was properly refused, under the rule of the liability of one partner for the acts of another, as above stated.

*By the Court.*— The judgment of the circuit court is affirmed.