Loosen, Respondent, vs. Schissler, imp., Appellant.

*April 6—April 23, 1912.*

*Partnership: Loan brokers: Notice to partners of firm transactions: Mortgages: Recording: Priority: Settlement: What included.*

1. Notice to one partner concerning partnership transactions is notice to the copartners.
2. Thus, where a firm of loan brokers lent money for a client, taking a mortgage to him as security, each partner had at least constructive notice of such mortgage, and it is prior as a lien to a mortgage afterwards taken by one of the partners in his own name on the same land and recorded before the mortgage to the client.
3. The fact that the client's mortgage was prior to that of the partner did not make such partner in any way a debtor of the client so that the client's mortgage would be transferred or in any way affected by an instrument of settlement by the terms of which the client sold and transferred to such partner and another member of the firm all debts due or to become due to him from the firm or either. of said partners, together with all accounts, notes, actions, claims, demands, etc., whatsoever against said partners or either of them.

Appeal from a judgment of the circuit court for Milwaukee county: J. C. Ludwig, Circuit Judge.  *Affirmed.*

The appeal is by the defendant *J. J. Schissler* from a judgment of foreclosure and sale adjudging plaintiff's mortgage to be prior to appellant's mortgages.   The appellant, his brother, and one Spurny were copartners in the real estate and loan

business under the firm name and style of Schissler Bros. & Spurny in the city of Milwaukee during all the times mentioned herein.  On March 19, 1904, the plaintiff furnished the firm, through Spurny, $300 to loan on real-estate security. The firm loaned the money to one Shebel, took a note and mortgage from him securing the same on the property in question, and turned the securities over to plaintiff.  At that time the title to the property, to the knowledge of the members of the firm, was in fact in Spurny, but not of record.  Spurny advised plaintiff not to record his mortgage, and the latter followed such advice and did not record it until January 18, 1909.  Interest on the loan was paid through the firm until 1908.  In that year the appellant discovered that Spurny was short in his accounts and greatly indebted to the firm.  To protect himself on account of such indebtedness he took a note from Spurny for $2,900 in August, 1908, secured by a mortgage on the property covered by plaintiff's mortgage, and in December of the same year took another note for $1,800 secured by a mortgage on the same premises.  Both of appellant's mortgages were recorded prior to plaintiff's mortgage. Subsequent to the Shebel loan, and on July 24, 1904, plaintiff turned over to the firm of Schissler Bros. & Spurny the sum of $800, and on June 12, 1907, the further sum of $1,200 to be loaned on real-estate securities.  No loans were made for such sums, and in January, 1909, plaintiff had a settlement with the Schisslers, evidenced by an instrument as follows:

"Know all men by these presents that we, *John Loosen* and Rosa Loosen, his wife, of the city of Milwaukee, in the county of Milwaukee and state of Wisconsin, for good and valuable considerations to us paid by *J. Joseph Schissler* and Prok V. Schissler of the same place, the receipt whereof is hereby acknowledged, do and each of us does hereby sell, assign, transfer and set over to said *J. Joseph Schissler* and Prok V. Schissler all and whatever debt or debts, sum or sums of money now due us or either of us and becoming due to us or either of us from Victor M. Spurny of Milwaukee, or from *J. Joseph Schissler* or Prok V. Schissler, of Milwaukee, Wis-

consin, or from the late firm of Schissler Bros. & Spurny, or from either, any or all of them, together with all accounts, notes, receipts, contracts, actions, proceedings, claims and demands whatsoever in law or equity which against the said Victor M. Spurny, *J. Joseph Schissler* and Prok V. Schissler, or either of them, we or either of us ever had, now have or has, or which our or either of our heirs, executors, administrators, or any of them, hereafter can, shall or may have, for or by reason of any cause, matter or thing whatsoever, and particularly sell, assign and transfer to the said *J. Joseph Schissler* and Prok V. Schissler our and each of our claim or claims, demands and actions arising and growing out of the transactions evidenced by the following receipts, to wit: a receipt for $1,200 dated June 12, 1907; a receipt for $800 dated July 22, 1904. And we do and each of us does hereby further sell, assign and transfer to said *J. Joseph Schissler* and Prok V. Schissler all and each of our claims, demands and actions arising or growing out of interest money collected by Schissler Bros. & Spurny and delivered to Victor M. Spurny for payment to us or either of us. To have and to hold all of the foregoing to the said *J. Joseph Schissler* and Prok V. Schissler, with power to collect and enforce the same at their own cost, expense or charge.

"Witness· our hands and seals this 28th day of January, 1909.

(Signed)    "JOHN LOOSEN.

"ROSA LOOSEN."

The trial court held that the Schissler mortgage was not included in the settlement of January, 1909, and that appellant's mortgages were subject to the lien of plaintiff's mortgage. From a judgment entered accordingly the defendant *J. J. Schissler* appealed.

For the appellant there was a brief by *Lenicheck, Robinson, Fairchild & Boesel,* and oral argument by *E. T. Fairchild.*

For the respondent there was a brief by *Houghton, Neelen & Houghton,* and oral argument by *F. W. Houghton.*

VINJE, J. Some claim is made that the Schisslers and Spurny were not partners. But the evidence is conclusive

that for years they held themselves out, and acted, as such, and it is admitted that as to third persons they were partners; which is sufficient for the purposes of this case, as there is no evidence to show that plaintiff did not deal with them as partners, or that he had any knowledge that they were not such. But the evidence shows that they were in fact partners. Being such, notice to one partner concerning partnership transactions is notice to the copartners. *Hubbard v. Galusha,* 23 Wis. 398; *Tucker v. Cole,* 54 Wis. 539, 11 N. W. 703; 30 Cyc. 531; 1 Bates, Partn. § 389. So the appellant is charged with constructive notice of the Shebel mortgage even if he did not have actual notice thereof. The trial court found that he knew the title to the Shebel property was in Spurny at the time the loan was made, and there is good ground to believe he had actual knowledge of the Shebel loan and mortgage. However, be that as it may, he had constructive notice thereof, and therefore when he took the mortgage from Spurny to secure his indebtedness to the firm he knew that plaintiff had a prior mortgage on the same premises and that his mortgages were subordinate thereto.

It is claimed the Shebel mortgage passed by the assignment executed in January, 1909. Just how it passed is not made clear. The Shebel mortgage was no charge against the appellant and no claim was made by plaintiff that it was. The fact that plaintiff held a mortgage on the same premises covered by appellant's mortgages, and that his was prior to those of appellant, did not operate to make the latter a debtor of the plaintiff or sustain any personal liability whatever towards him. Nor was the Shebel mortgage either directly or by implication mentioned or referred to in the assignment, so we must conclude the trial court correctly held it was not included therein or in the settlement then made.

*By the Court.*—Judgment affirmed.