BROWN vs. BOSWORTH and another.

| 58 | 379 |
| 78 | 595 |

*October 1 — October 23, 1883.*

TRESPASS: LOGS AND TIMBER. *(1) One of several defendants may make affidavit of mistake. (2) Offer of judgment need not expressly include costs. (4) When cutting not " done by mistake."*
APPEAL TO S. C. *(3, 5) New objections and theories, when not considered.*

1. One of two or more defendants in an action for the wrongful cutting of timber may make the affidavit of mistake provided for by sec. 4269, R. S.
2. An offer of judgment in such an action for a specified sum as damages is sufficient, although it does not expressly offer judgment for the costs also.
3. Where an action has been tried upon the theory that a sufficient affidavit of mistake and offer of judgment had been made, their sufficiency cannot be objected to for the first time in this court.
4. If a person cutting timber upon his own land carelessly and negligently cuts across the line upon the adjoining land, such cutting is not "done by *mistake,*" within the meaning of sec. 4269, R. S.
5. Where the affidavit of mistake and the answer, in an action for the wrongful cutting of timber, allege that the timber was cut by the servants of the defendants, and the case was tried upon that theory, the question whether the persons who did the cutting were servants of the defendants, or were independent contractors, will not be considered on appeal.

APPEAL from the Circuit Court for *Marathon* County. The case is thus stated by Mr. Justice TAYLOR:

"The plaintiff brought this action to recover damages from the defendants for unlawfully entering upon the plaint-

iff's land and unlawfully cutting and carrying away a large quantity of pine timber, then and there growing thereon, and converting the same to their own use. The complaint alleges that the defendants manufactured the logs and timber cut and carried away by them, and claims damages for the value of the lumber manufactured from said logs and timber. Within ten days after the service of the summons and complaint, *James Reilly*, one of the defendants, made and served upon the plaintiff an affidavit of which the following is a copy:

" ' [Title of cause.]

" ' *Portage County* — ss. : *James Reilly*, being sworn, upon his oath says that he is one of the defendants in the above action, and makes this affidavit for and in behalf of both these said defendants; that during the winter of 1880 and 1881, the defendants, who are lumbermen, engaged in cutting pine timber into saw-logs from their own land, lying and being adjoining the said lands of the plaintiff; that while so engaged in cutting their own said timber the hired men and servants of the defendants engaged in such cutting, by mistake and without the knowledge and consent of the defendants, entered upon the plaintiff's said land, supposing the same to be the lands of the defendants, and cut and removed therefrom, and mixed and intermingled the same with the said logs and timber of the defendants, 334,803 feet of the said pine timber of the plaintiff; that the same pine timber so cut and removed from the plaintiff's said lands is the same pine timber described in the plaintiff's complaint in this action; that the said pine timber, at the time it was cut and removed as aforesaid, did not exceed in value two and 50-100 dollars per thousand feet, board measure.'

" Annexed to said affidavit, and served therewith, was the following offer in writing:

" ' [Title of cause.]

" ' The defendants hereby offer to allow judgment to be

Brown vs. Bosworth and another.

taken against them in the above action for $992.79 in favor of the plaintiff.

" ' *February 4, 1882.* G. W. CATE,

" ' Defendants' Attorney.'

" Afterwards the defendants served their answer, admitting the cutting and carrying away of the timber, and alleging that it was cut and carried away by their hired men and servants, and alleging that their hired men and servants by mistake, and without the knowledge or consent of the defendants, entered upon the plaintiff's land, and cut down and removed therefrom, 334,803 feet of the plaintiff's pine timber; and that said timber was mixed and mingled with other pine timber belonging to the defendants, without their knowledge or consent, by their said hired men, so that it could not be separated from the defendants' timber or distinguished therefrom; and further alleging that the defendants' hired men, at the time of cutting and removing said timber from the land of the plaintiff, supposed and believed the said land, and the said pine timber, to be the property of the defendants. The answer then sets up the making and service of the affidavit, and the offer of judgment, alleging that the sum for which judgment was offered was the full value of said pine timber at the time it was removed, with interest from the time of the removal to the time of such offer, and ten per cent. on the value of said timber at the time of such cutting, and again offers to allow judgment for such amount, with costs. The plaintiff refused to accept the offer of judgment and the cause was tried at the circuit.

" The jury, under the instructions of the learned circuit judge, found ' that the cutting of the timber on the plaintiff's land by defendants was by mistake,' and the court limited the recovery of the plaintiff to the value of the stumpage of the pine cut. The plaintiff also had a verdict for $50 damages to the lands over and above the value of the stumpage. The plaintiff appeals, and alleges that she was entitled

to recover as damages the value of lumber manufactured by the defendants out of the logs cut and removed by them, under the provisions of sec. 4269, R. S. 1878. The errors alleged are (1) that the affidavit of mistake was insufficient, because not made by both the defendants; (2) that the offer of judgment was not sufficient, because it did not offer judgment for costs in addition to the $992.79 damages; (3) that certain instructions asked by the plaintiff to be given to the jury upon the question of mistake were refused by the judge; and (4) that the instructions given on that subject were erroneous. There are some other exceptions in the record, but it is unnecessary to consider them on this appeal."

For the appellant there was a brief by *Raymond & Haseltine*, and oral argument by *Mr. Raymond*. They contended, *inter alia*, that the affidavit of mistake was insufficient in that it was made by only one of the defendants and no reason assigned why the co-defendant did not join therein. The word "defendant" as used in sec. 4269 should be construed to mean "defendants," when there are more than one defendant to an action. *Rupp v. Swineford*, 40 Wis., 28.

*G. W. Cate*, for the respondents, argued that the timber was cut under contract and that the defendants were not chargeable with the negligence or wilful misconduct of the contractors. The defendants had no knowledge of the trespass until after it was committed, and are not liable to the penalties prescribed by sec. 4269. *Wright v. Bolles Wooden Ware Co.*, 50 Wis., 167; *Morley v. Gaisford*, 2 H. Black., 442; 2 Thomp. on Neg., 885. The offer of judgment, if faulty in that costs were not included, was cured by the answer served two days later.

TAYLOR, J. We think the affidavit of mistake was sufficient, although made by one of the defendants. It was made by one on behalf of both, and in analogy to the law which

authorizes one of two or more defendants to verify their answers, one of two or more defendants may make the affidavit required by said sec. 4269. The object of the affidavit is to notify the plaintiff that the defendants will rely upon the fact that the timber was cut under a mistake, which, if proved, will relieve them from the larger damages given by the law to the plaintiff. In many cases it might happen that but one of two or more defendants would have any knowledge of the facts which would justify making the affidavit. The others, having no knowledge upon the subject, it would be unjust to require them to make the oath. The act ought not to be strictly construed in this respect.

The objection that the offer of judgment was insufficient because it did not offer judgment for costs is not well taken. It is true, the statute says the defendant shall offer judgment for the amount of damages tendered, with costs, but it seems to us that the offer that the plaintiff may take judgment for costs in addition to damages is superfluous. When the defendants consent that plaintiff may take judgment against them for $992 damages, it is in effect a consent to judgment for costs in addition to the damages. Under the statute giving costs to the successful party, the plaintiff, upon taking judgment for the damages tendered, would be entitled to have her costs of the action. It does not appear from the record that any objection to the sufficiency of the affidavit, or the offer of judgment, was made on the trial in the circuit court. The case was tried as though a sufficient affidavit and offer had been made, and it is too late to raise the objection for the first time in this court.

The plaintiff, by her counsel, requested the learned judge to instruct the jury as follows:

(1) "It was the duty of the defendants, when putting their employees at work cutting their own timber, to inform their said employees of the location and boundary lines of their said lands, or else to sufficiently supervise such work so as to prevent said employees trespassing on adjoining

lands; and if such employees, for want of such information or supervision, committed the trespass alleged in the complaint, then the defendants are estopped from now claiming that such trespass was by mistake.

(2) "If, in fact, the defendants, or any one of them, did inform and show such employees the locality of defendants' land, and the boundary line between the plaintiff's and defendants' lands, prior to the committing of such trespass, and such employees did thereafter carelessly or heedlessly cross such line, using no care or pains to observe such line on defendants' or plaintiff's land, and commit such trespass and cut said plaintiff's timber, then the defendants cannot now claim that such cutting was by mistake.

(3) "If the jury find that the range line between the plaintiff's and defendants' land was plainly blazed or marked, so that the defendants' employees, by the exercise of ordinary care and attention, must or could have seen such marks, and known they were crossing such range line, then they, as well as the defendants, are to be charged with knowledge that they were trespassing, and cannot now claim that the cutting of the plaintiff's timber was by mistake."

These instructions the learned court refused to give, and to such refusal due exception was taken.

The learned judge instructed the jury upon the subject of mistake as follows: "The important question in this case is whether this was done by mistake or not. If it was a cutting done by design, purposely, knowingly, the plaintiff then is entitled to recover the highest market value or price of the saw-logs taken from the plaintiff's land, at Stevens Point in the boom.

"If it was a mistake, if the cutting was done by an accident or mistake, then in this case the defendants having made an affidavit that it was done by mistake, and tendered judgment, then the defendants are liable for the true value of the stumpage on the amount taken.

"So that it is the important question to ascertain whether

Brown vs. Bosworth and another.

the cutting was a wilful trespass,— one done intentionally, or one done inadvertently and by mistake.

"If it was a wilful and intentional trespass, the plaintiff is entitled to recover the highest market value of the saw-logs; . . . but if done by mistake and unintentionally, then the plaintiff is only entitled to recover the value of the stumpage, with ten per cent. added to that valuation.

"What is a mistake? Why, it is the doing of some act unintentionally,— doing some act through a mistake or misapprehension. As, for instance, in this case, if the defendants or their men thought when they were cutting this timber that they were cutting on defendants' land, that is a mistake.

"It is the distinction between doing a thing knowingly and purposely, and doing a thing ignorantly and without intention of doing it as it was done. It is not a matter of negligence; it is a condition or purpose of the mind.

"Now, you have heard the testimony in this case, and it is for you to determine from it whether this cutting was wilfully, designedly, and purposely, or whether it was done through a misapprehension,— a mistake as to where the boundary line was."

Exceptions were taken by the plaintiff to each paragraph of the charge above quoted.

I have quoted at length from the charge, in order to show that the learned circuit judge purposely excluded from the jury all consideration of the carelessness or negligence of the defendants, or their servants and employees, in ascertaining the boundary line between the plaintiff's and defendants' land, as bearing upon the question of mistake in cutting the timber of the plaintiff, which would relieve the defendants from the payment of the larger damages given by the statute. He, in effect, told the jury that the defendants were under no duty or obligation to the plaintiff to take any care or use any means to ascertain whether they were cutting

upon the plaintiff's land, or to ascertain where their own lines were, and no matter how negligent and careless they were in this respect, if they thought when they cut the timber they were cutting on the defendants' land, or did not actually know they were cutting on plaintiff's, then neither the men cutting the timber, nor the persons employing them to do so, would be liable to the plaintiff beyond the stumpage value of the timber cut and carried away. In view of the purpose of the legislature in passing the law which is now found as sec. 4269, R. S., it is very clear to us that the definition given by the learned circuit judge, as to what constitutes a cutting by mistake under that section, is not the kind of mistake contemplated by the legislature. The occasion of the enactment of the law is a matter of history well understood. In the cases of *Weymouth v. C. & N. W. R'y Co.*, 17 Wis., 550; *Single v. Schneider*, 24 Wis., 299; *Hungerford v. Redford*, 29 Wis., 345, this court held that in actions for trespass by cutting and removing timber from the plaintiff's land, where the cutting and removal were done in good faith by the defendant, he honestly believing that he had the right to cut and remove the same, either because he believed he had title to the lands upon which the same was cut, or that they were cut by mistake as to the lines between plaintiff's and defendant's lands, the plaintiff could only recover the stumpage value of the timber cut and removed, and any other damage done to the freehold. But when the case of *Single v. Schneider* came before this court again in 30 Wis., 570, this court held the plaintiff was limited to the same rule of damages, even though the cutting and taking was knowingly and wilfully done without color or claim of right. This case was decided at the June term, 1872, and the statute which is now found as sec. 4269, R. S. 1878, was enacted by the legislature which was convened next after the decision was made. See ch. 263, Laws of 1873.

There can be no doubt that the legislature interfered, and

established a rule of damages in cases of trespass for cutting timber, which it deemed better for the protection of those owning real estate which was valuable principally for the timber growing thereon, than the rule established by this court in 30 Wis., above cited; but at the same time the legislature recognized the propriety of upholding the rule of damages laid down by this court in cases where the trespasser acted under the belief that he had the right to do the act complained of, or when the trespass was not intentional, but arose out of a mere mistake on his part. So that while the legislature gave the plaintiff as damages, in the case of unlawfully cutting and removing timber from his land, the highest market value of such timber, in whatever place, shape, or condition, manufactured or unmanufactured, the same shall have been at any time before the trial, at the same time, appreciating that such a rule would be oppressive and unjust if enforced against a person who had been acting in good faith, they permitted the trespasser to allege that he did not commit a wilful trespass, but that it was done by a mistake on his part; and if he makes an affidavit that the trespass was done by mistake, within ten days after he is served with a summons, and offers to let the plaintiff have judgment for the value of the timber cut, with interest added to such value from the time of the cutting to the time of such offer, with ten per centum as further damages upon both such value and interest, he may then set up such mistake as a defense to the larger damages given by the statute, and if he establishes the mistake on the trial, the plaintiff shall be limited to the value of the timber when cut, with the interest and ten per centum damages added. The legislature have said, if the cutting was done by "*mistake*," the defendant shall be relieved from responding to the injured party in the greater damages fixed by the statute, and it is for the court to determine what construction shall be given to the word "*mistake*" as used in

the law above cited. This statute has been under the consideration of this court in the following cases: *Webster v. Moe*, 35 Wis., 75; *Brewster v. Carmichael*, 39 Wis., 456; *Webber v. Quaw*, 46 Wis., 118; *Wright v. Bolles Wooden Ware Co.*, 50 Wis., 167; *Haseltine v. Mosher*, 51 Wis., 443; *Tuttle v. Wilson*, 52 Wis., 643; *Smith v. Sherry*, 54 Wis., 114, 130.

In none of these cases have the court considered the real question in the case at bar. In giving construction to the word, we ought to construe it, if consistent with the language used, so as to uphold the purpose of the legislature rather than to defeat it. To give it the construction given by the learned circuit judge, and which is contended for by the learned counsel for the respondents, would, we think, defeat the very purpose of the statute. If a trespasser can avoid the larger damages given by the statute by simply neglecting to take any precaution to ascertain whether he is cutting upon his own land or upon the land of his neighbor, and avoid the effect of the statute by alleging such want of precaution on his part, it will open a wide door for those who are disposed to despoil their neighbor's land of the growing timber to do so and avoid the damages given by the statute. Every person who cuts timber upon his own land, or who intends so to do, owes a duty to the adjoining owner to ascertain the boundary line of the adjoining lands, if he can with reasonable diligence and care, so as to avoid trespassing upon such adjoining land; and if he neglects such duty, and recklessly, negligently, and carelessly cuts beyond his own premises, he cannot be said to have done so by mistake, but by reason of his carelessness and negligence. If the person cutting the timber was under no obligation of duty to the adjoining owners to avoid cutting upon their lands, and he heedlessly, carelessly, and negligently cut upon such adjoining lands, there might be some plausibility in holding that such cutting would come within the meaning of "mistake"

in the statute. In order to establish that the cutting was by mistake within the meaning of the statute, the defendant must show some degree of good faith upon his part, as was said by this court in the cases above cited, and decided previous to the case in 30 Wis. He cannot neglect a duty which he owes to his neighbor, and which neglect is in itself an act of bad faith, and still claim the benefit of a mistake under the statute. We are aware that a court of equity will sometimes relieve a party from a mistake made, and which occurred from the mere forgetfulness of the party alleging the mistake, but we think no case can be found where a court of equity has relieved a party on account of a mistake which was made through the mere carelessness and negligence of the party asking relief, when there rested a duty upon him towards the other party to use due care and diligence not to make such mistake. This question was very fully discussed by Chief Justice DIXON in *Hurd v. Hall*, 12 Wis., 112, 139, 140, and the conclusion arrived at was that a court of equity will relieve against a mistake when it is clearly established "that there is a clear *bona fide* mistake, ignorance, or forgetfulness of facts;" "that mere ignorance or forgetfulness of facts, without intentional neglect to examine them, excuses the party and he may be relieved." Many cases were cited and commented upon by the learned chief justice in his opinion, and no case is cited which tends to show that a court of equity would relieve a party on account of an alleged mistake which arose from the negligence and carelessness of the party asking relief, when there was a duty resting upon him in favor of the other party, and which duty he neglected to perform by reason of his carelessness.

If a person cuts timber upon his own land, and while doing so carelessly and heedlessly cuts across the line upon his neighbor's land, such carelessness is a neglect of his duty, and is evidence of a want of good faith on his part,

and he cannot invoke such careless and heedless act as a mistake, under the provisions of said sec. 4269, R. S.

We think the second and third instructions asked by the appellant should have been given to the jury, and that the court erred in the instructions given, especially in instructing the jury that the question of negligence was not in the case.

The learned counsel for the respondents argued in this court that his clients were not responsible for the acts of the parties who cut the timber in question, for the reason that they cut the same under a contract which gave them the entire control of the cutting, and therefore the relation of master and servant or employee did not exist between his clients and the persons who did the cutting. We cannot consider that question upon this appeal, as it clearly appears from the record that no such question was raised in the court below, and the affidavit and answer of the defendants both allege that the timber was cut by their servants and employees, and the whole record shows that the case was tried upon that theory alone, and not upon the theory that the persons cutting the timber were acting as independent contractors.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.