Lee vs. Lord.

LEE, Respondent, vs. LORD, imp., Appellant.

*April 9 — April 29, 1890.*

**Logs and timber: Wrongful cutting: Evidence: Measure of damages: Liability for acts of agent.**

1. In an action to recover damages for the wrongful cutting and carrying away from plaintiff's lands of pine logs marked with a certain mark, it was not error to admit evidence of the cutting of other logs, when such evidence tended to show how many of the logs so marked were taken and the jury were instructed that damages could be recovered for the logs so marked only.

2. The evidence in this case (stated in the opinion) is *held* to justify an instruction that the evidence tended to show that the defendants had cut and taken away from plaintiff's land 74,600 feet of logs marked with a certain mark.

3. Where one employed to cut and haul the timber on his employer's land also cuts logs from adjoining land belonging to another person and delivers them to his employer, the latter, if he refuses to deliver such logs to their owner, will be held to have adopted the unlawful acts of his employee, and will be liable for the enhanced damages prescribed by sec. 4269, R. S.

APPEAL from the Circuit Court for *Langlade* County. The facts are sufficiently stated in the opinion. The defendant Polar did not answer the complaint. The defendant *Lord* appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Webster & Wheeler,* and oral argument by *W. H. Webster.*

*Henry W. Lee,* respondent, in person.

TAYLOR, J. This is an action to recover damages for cutting and carrying away pine logs from the lands of the respondent. Upon the trial of the action in the circuit court the plaintiff recovered for 74,600 feet of pine logs marked **LII5**, called "L two notches straight S.," and also marked **W H L**, of the value of $7 per M, amounting to $522.20. Upon the trial, objections were taken by the de-

fendants to some evidence introduced by the plaintiff, and also to the instructions of the court to the jury.

It is not contended on this appeal but that there was evidence in the case tending to show that the defendant Polar had cut and hauled from the plaintiff's lands, and delivered to the defendant *Lord* a quantity of pine logs, and that such logs were marked with the mark of the defendant, LII$ and W H L, as contended for by the plaintiff, and that the defendant *Lord* took possession of said logs and caused them to be driven down the river to the booms in the vicinity of Oshkosh. The evidence also shows that the defendant Polar was employed by the defendant *Lord* to cut, haul, and bank logs from his (*Lord's*) land in sections 13 and 14, township 33, range 12 east, being the same sections in which the plaintiff owned certain lands, and from which the defendant Polar cut some of the logs marked with the defendant *Lord's* mark, and which were mixed with the logs cut on defendant *Lord's* land, and delivered to *Lord* by Polar, and which were taken possession of by the defendant *Lord*, and run down the river to the booms near Oshkosh. There was also evidence tending to show that the defendant *Lord* directed Polar to cut the logs and timber on at least two forty-acre tracts owned by the plaintiff, and from which the defendant cut a part of the logs delivered to defendant *Lord* under his contract.

The contention of the learned counsel for the appellant is, *first*, that improper evidence was admitted on the part of the plaintiff relating to other logs cut on the plaintiff's land, or on some part of it, to recover which the plaintiff made no claim in this action. After carefully reading the evidence, we think there was no error in this respect which could have injured the defendants. In this action the plaintiff only sought to recover for logs cut on his land and which were marked LII$ and W H L; and, in instructing the jury, they were told by the judge that the plaint-

iff's recovery must be limited to logs with that mark, and the verdict of the jury is limited to the logs having such mark. The evidence in regard to the other marks was only introduced by the plaintiff as tending to show how many logs of the mark LII5 were taken from his lands.

The plaintiff's witnesses, Allen and Finnucane, testified that there had been cut from the plaintiff's lands, in sections 13 and 14, 90,643 feet of pine logs during the season that defendant Polar was logging for the defendant *Lord* on and in the vicinity of the lands of plaintiff in said sections; and Polar says no other person was logging in that vicinity that season, and, if any logs were cut on plaintiff's lands that season, he cut them. Polar also testified that all the logs he cut on section 13 that season were marked LII5 and W H L; that the logs marked A X K I I were cut on E. $\frac{1}{2}$ N. E. $\frac{1}{4}$ of section 24, and S. W. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ of section 14, and the logs marked A X K I were cut on section 12. The S. W. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ section 14, was plaintiff's land. Polar also testified that there was about 50,000 feet of the logs marked A X K I cut on section 12, and about 25,000 marked A X K I I cut on sections 24 and 14. Plaintiff testified that 10,800 feet of the logs marked A X K I I were not cut from his lands in section 14; and this is undoubtedly the truth, as these 10,800 feet were of a much better quality of logs than were cut from his lands in section 14. It will be seen that the evidence as to the quantity of these marks of logs tended to show how many logs had been cut from plaintiff's land in section 13, and which were marked LII5 and W H L. Plaintiff's witnesses testified that all that were cut on his lands in sections 13 and 14 was 90,643. The defendant Polar says all logs cut on section 13 were marked LII5 and W H L, and that the logs cut on sections 24 and 14, on lands not owned by the defendant *Lord*, were marked A X K I I, and that there were of these logs only about 25,000 feet. The plaintiff testifies that 10,800 feet of the logs with this mark

were not cut from his lands. So that, allowing that the balance of the 25,000 feet of that mark were cut on his lands in section 14, to wit, 14,200 feet, it would tend strongly to show that the 90,643, less 14,200, feet, were cut on the land of plaintiff in section 13. There was no error, therefore, in admitting this evidence.

*Second.* It is urged by the counsel for the appellant that the court erred in instructing the jury that the evidence in the case tended to show that the defendants had cut and taken away from the plaintiff's land 74,600 feet of pine logs. From the statement of the evidence above made, we think the learned judge was certainly right in giving that instruction, as well as the instruction that there was evidence tending to show that such logs were worth $9 per 1,000 at the time and place when and where they were replevied by the plaintiff. That there was no mistake made as to the quantity of logs cut from the plaintiff's lands in section 13 is made more probable from the fact that the defendants introduced several witnesses who had examined the plaintiff's lands in said section 13, and testified as to the character and quality of timber which was on said lands, and which had been taken therefrom, but none of these witnesses were interrogated as to the quantity of logs which had been cut and removed from said lands during the season mentioned.

It is also alleged as error that the learned circuit judge instructed the jury that, if they found for the plaintiff, the defendant *Lord* was liable to the same extent as the defendant Polar. That, under the evidence in the case, the defendant Polar was liable to the plaintiff in damages as prescribed by sec. 4269, R. S., is not disputed. That Polar wrongfully cut the logs upon the plaintiff's lands cannot well be controverted, and it seems to us equally clear that the defendant *Lord*, who hired the defendant Polar to cut the logs, must be equally liable. The logs were cut by Polar as

agent or employee of *Lord*. *Lord* was not a purchaser of the logs cut by Polar and marked with his mark. Polar was not paid by *Lord* for the logs, but for his work in cutting and delivering them; and, in addition to that, the evidence tends to show that the defendant *Lord* directed Polar to cut on some of the plaintiff's lands in section 13. We are of the opinion, if one man employs another to go upon his own land and cut and haul therefrom the logs and timber on such land, and such employee cuts and delivers to his employer logs cut from adjoining lands owned by some other person, and such employer receives such other logs and converts them to his own use, he is equally liable as his employee. So far as the logs cut in this case and marked with the mark of *Lord* are concerned, they must be considered as cut under the direction of *Lord*. In his answer the defendant *Lord* denies cutting, either himself or by his agents or employees, any logs on the plaintiff's land, and claims to own and be entitled to the possession of all the logs marked with his mark, **LII**. This answer was put in and claim made after the defendant *Lord* had notice that the plaintiff claimed a part of the logs so marked as cut upon his land by his co-defendant, Polar. It seems to us that by his acts the defendant *Lord* has adopted whatever the defendant Polar had done in regard to all the logs marked as above with his (*Lord's*) mark. As to them, he must, therefore, stand in the same situation as Polar, and be subjected to the same rule as to damages. Unless this rule be adopted, it would be an easy thing to avoid the statute as to enhanced damages. All a party would have to do would be to employ a dishonest or reckless party to cut and haul logs for him from some tract of land owned by himself, and his employee could cut and haul logs from the land of others in his vicinity, putting on them the marks of his employer, and the employer could insist on holding them, notwithstanding he was duly notified of the trespass before

action was commenced to recover the possession of them by the true owner, and then on such trial, when defeated in his claim of ownership, insist that the plaintiff should be limited to a recovery for the value of the stumpage. By claiming to own the logs in controversy, and refusing to deliver them to the plaintiff, the defendant *Lord* must be held to have adopted the unlawful acts of his co-defendant, Polar, in cutting the same on the lands of the plaintiff, and so must stand in the same place as Polar in regard to the damages for such unlawful and wrongful cutting. *Cosgrove v. Ogden,* 49 N. Y. 258; *Smith v. Webster,* 23 Mich. 298; *Luttrell v. Hazen,* 3 Sneed, 20; *Enos v. Hamilton,* 24 Wis. 658.

We find no errors in the record which could prejudice the appellant.

*By the Court.*— The judgment of the circuit court is affirmed.