UNDERWOOD, Respondent, vs. THE PAINE LUMBER COMPANY (LIMITED), Appellant.

*April 11 — May 5, 1891.*

*Damages for wrongfully cutting logs: Employer, liable when: Remittitur curing error.*

1. An owner of timbered lands, who employs another to cut logs therefrom, is equally liable with his employee, if the latter does not exercise reasonable care and diligence to ascertain the boundary lines of the land, but cuts logs from the adjoining lands of a third party, and hauls and delivers them to his employer, and the latter receives them and converts them to his own use; and under sec. 4269, R. S., the owner of the logs may sue and recover from him the highest market value thereof while in his possession.

2. An error of the court in treating a statement in defendant's affidavit that the cutting was by mistake, of the quantity of logs cut as an admission of the pleadings, and taking that question from the jury, is cured by the plaintiff's remitting from the judgment the excess above the lowest estimate given by defendant's witnesses, and notifying defendants' attorneys thereof before the appeal.

APPEAL from the Circuit Court for *Winnebago* County.

Action to recover the enhanced damages given by sec. 4269, R. S., for the wrongful cutting of logs on plaintiff's land and the conversion thereof. Within the time allowed by law, the defendant served an affidavit that the cutting was done " by mistake," in which he stated a quantity as having been cut, and offered to allow judgment to be taken for the value thereof at five dollars per thousand feet. The plaintiff did not accept the offer, and the defendant thereupon put in an answer of general denial, not alleging the mistake. The cause was tried by a jury, who rendered a verdict for plaintiff, awarding him the highest market value for the logs while they were in defendant's possession, and allowing by direction of the court for the quantity stated in defendant's affidavit. Further facts appear in the opinion. The defendant appeals from the judgment entered on such verdict.

Underwood vs. The Paine Lumber Co. (Limited).

For the appellant there was a brief by *Weisbrod, Thompson & Harshaw*, and oral argument by *A. E. Thompson*. To the point that the defendants were not liable for the trespass, because it was committed by independent contractors, not under their control, they cited *Brown v. Bosworth*, 62 Wis. 542; *Pierce v. O'Keefe*, 11 id. 182; *De Forest v. Wright*, 2 Mich. 368; *Harper v. Milwaukee*, 30 Wis. 375; *Schrubbe v. Connell*, 69 id. 476; 2 Thomp. Neg. 899; *Carter v. Berlin Mills Co.* 58 N. H. 52; *Moore v. Sanborne*, 2 Mich. 520; *Hilliard v. Richardson*, 3 Gray, 349; *Fink v. Mo. Furnace Co.* 82 Mo. 276; *Bennett v. Truebody*, 66 Cal. 509; *McCarthy v. Second Parish*, 71 Me. 318; *Harrison v. Collins*, 86 Pa. St. 153.

For the respondent there was a brief by *Bouck & Hilton*, and oral argument by *Gabe Bouck*.

COLE, C. J.   The learned counsel for the appellant observes that the uncontradicted testimony and the verdict of the jury establish the fact that the timber in question was cut by the firm of Webster & Co., who, he says, acted as independent contractors, and were in no sense the servants or employees of the defendant; therefore, that that firm should alone be answerable for the trespass committed. As we understand the testimony, Webster & Co., who were engaged in logging, made a contract with the defendant company to cut logs upon the lands belonging to the latter company, including the N. E. ¼ of the N. E. ¼ of section 25, and other adjacent lands, for a specified sum per 1,000 feet. The mark of the defendant company was put upon the logs which were cut upon its lands.   The logs were banked, and were afterwards rafted to the Bay boom, and delivered to the defendant.   It is true the cutting, banking, and rafting of the timber was done by Webster & Co., who had charge of the work, and who had agreed to do it for so much a thousand feet, but still, in fact, Webster & Co. were em-

ployed by the defendant to cut its timber from its lands. They were employed for this precise service, and if in the execution of its employment they committed a trespass upon the land of another, and the defendant received the logs, and manufactured them into lumber, it would be held responsible for the statutory damages, as much so as it would have been had it hired Webster & Co. to work for it in cutting and rafting timber on its lands at so much a day or week. Undeniably the timber in question was wrongfully cut on the lands of the plaintiff, and it was done by persons who had engaged to cut timber for the defendant on its lands. The case is within the policy and intent of the statute, and the plaintiff is entitled to recover the measure of damages fixed by sec. 4269, R. S. As to the correctness of this view, it seems to us, there can be no doubt; and such was the decision of this court in *Lee v. Lord*, 76 Wis. 582, where the point was distinctly ruled. The principle of that decision is thus stated by Mr. Justice TAYLOR: " We are of the opinion if one man employs another to go upon his own land, and cut and haul therefrom the logs and timber on such land, and such employee cuts and delivers to his employer logs cut from adjoining lands, owned by some other person, and such employer receives such other logs, and converts them to his own use, he is equally liable as his employee." Page 586.

The facts of the case before us bring it fully within that decision, and it is idle to attempt to distinguish the cases from each other. To our minds it is very clear that the defendant is responsible under the statute for the negligence and torts of Webster & Co. while attempting to execute the work they were employed to do, and to hold otherwise would defeat the plain object of the statute. We shall not dwell upon the cases which consider the law as to purely independent employment, for we think they have no application here. Under the statute, the maxim

Underwood vs. The Paine Lumber Co. (Limited).

*respondeat superior* should and does apply where the persons, in fulfilling their contract, commit a trespass on the lands of another through their negligent acts. Webster & Co. should have taken due care not to cut timber on lands which did not belong to the defendant, and if they did, the defendant, by receiving the timber and using it, must be deemed to have ratified their acts. "Unless this rule is adopted it would be an easy thing to avoid the statute as to enhanced damages. All a party would have to do would be to employ a dishonest or reckless party to cut and haul logs for him from some tract of land owned by himself, and his employee could cut and haul logs from the land of others in his vicinity, putting on them the marks of his employer, and the employer could insist on holding them, notwithstanding he was duly notified of the trespass before action was commenced to recover the possession of them by the true owner, and then, on such trial, when defeated in his claim of ownership, insist that the plaintiff should be limited to a recovery for the value of the stumpage." *Lee v. Lord, supra.* The case of *Lee v. Lord,* unless overruled, decides the main contention here against the position of the defendant. The jury found, in effect, that Webster & Co. did not use reasonable care and diligence to ascertain the boundary line between the plaintiff's and defendant's land, and this renders the defendant responsible for the enhanced damages. *Brown v. Bosworth,* 58 Wis. 379. No other conclusion can be reached in view of the statute, which is salutary in its provisions, and should be fairly enforced.

It is objected that the trial court erred in answering the third question of the special verdict, instead of submitting that question to the jury upon the evidence. That question related to the quantity of timber cut from the plaintiff's land. The trial judge held that it was settled by the pleadings that 52,431 feet was cut, and therefore wrote the an-

swer to the question.   In the affidavit which the defendant made and served, that the cutting was done by mistake, the quantity cut was stated to be that amount, and the court treated this the same as an admission in the answer.   Perhaps it should have the same effect, and bind the defendant, but it is not necessary to decide the point here, for before the appeal was taken the plaintiff's attorney filed a *remittitur* of the amount recovered, so as to reduce the recovery to the lowest estimate of the quantity cut as testified to by defendant's witnesses.   Notice of this *remittitur* was served upon the attorneys of the defendant.   This would certainly cure the error of the circuit court in treating the statement in the affidavit as an admission in the answer, even if it was an error to so regard it.

We do not feel called upon to dwell upon this case longer, inasmuch as all of the material questions involved in it have been passed upon in our previous decisions.

*By the Court.*— The judgment of the circuit court is affirmed.