Mary T. WONDROWITZ and Robert E. Wondrowitz, Plaintiffs-Respondents and Cross-Respondents,

WISCONSIN PHYSICIANS SERVICE INSURANCE CORPORATION, Intervenor Plaintiff-Respondent and Cross-Respondent,

v.

Randall P. SWENSON, and American Family Insurance Company, Defendants-Respondents,

GENERAL CASUALTY INSURANCE COMPANY, Defendant-Respondent and Cross-Respondent,

ESTATE OF Eugene C. SPRIGGLE, by Constance Spriggle, Personal Representative, Defendant-Cross-Appellant,

WESTERN NATIONAL MUTUAL INSURANCE COMPANY, Estate of Steven J. Fisher, by Laura Fisher, Personal Representative, Regent Insurance Company, Elroy Haats, Interstate Implement Company, and John Deere Insurance Company, Defendants.

ESTATE OF Eugene C. SPRIGGLE by
Constance Spriggle, Personal Representative,
Plaintiff-Appellant,

v.

Randall P. SWENSON and American Family
Mutual Insurance Company, Defendants-
Respondents,

GENERAL CASUALTY COMPANY OF
WISCONSIN, Defendant-Respondent and Cross-
Appellant,

REGENT INSURANCE COMPANY, Defendant,

Mary T. WONDROWITZ and Milwaukee
Mutual Insurance Company, Defendants and
Third-Party Plaintiffs,

Laura FISHER, Personal Representative of the
Estate of Steven J. Fisher and Regent Insurance
Company, Third-Party Defendants.

ESTATE OF Steven J. FISHER, by Laura
Fisher, Personal Representative, Plaintiff-
Appellant,

v.

Randall P. SWENSON and American Family
Insurance Company, Defendants-Respondents,

GENERAL CASUALTY INSURANCE
COMPANY, Defendant-Respondent and Cross-
Appellant,

WESTERN NATIONAL MUTUAL
INSURANCE COMPANY, Defendant,

Mary WONDROWITZ and Milwaukee Mutual Insurance Company, Defendants and Third-Party Plaintiffs,

Constance SPRIGGLE, Personal Representative of the Estate of Eugene C. Spriggle and Western National Mutual Insurance Company, Third-Party Defendants.

Mary T. WONDROWITZ and Robert E. Wondrowitz, Plaintiffs-Respondents and Cross-Respondents,

WISCONSIN PHYSICIANS SERVICE INSURANCE COMPANY, Intervenor Plaintiff-Respondent and Cross-Respondent,

v.

Elroy HAATS, Interstate Implement Company and John Deere Insurance Company, Defendants and Third-Party Plaintiffs,

ESTATE OF Eugene C. SPRIGGLE, Western National Mutual Insurance Company, Estate of Steven J. Fisher, Regent Insurance Company, Mary T. Wondrowitz and Milwaukee Mutual Insurance Company, Third-Party Defendants,

Randall P. SWENSON, American Family Mutual Insurance Company and General Casualty Company of Wisconsin, Third-Party Defendants-Respondents.

ESTATE OF Eugene C. SPRIGGLE, by
Constance Spriggle, Personal Representative,
Plaintiff-Appellant,

v.

Elroy HAATS, Interstate Implement Company
and John Deere Insurance Company,
Defendants and Third-Party Plaintiffs,

Mary T. WONDROWITZ, Milwaukee Mutual
Insurance Company, Estate of Steven J. Fisher
and Regent Insurance Company, Third-Party
Defendants,

GENERAL CASUALTY COMPANY OF
WISCONSIN, Randall P. Swenson, and
American Family Mutual Insurance Company,
Third-Party Defendants-Respondents.

ESTATE OF Steven J. FISHER, by Laura
Fisher, Personal Representative, Plaintiff-
Appellant,

v.

Elroy HAATS, Interstate Implement Company
and John Deere Insurance Company,
Defendants and Third-Party Plaintiffs,

ESTATE OF Eugene C. SPRIGGLE, Western
National Insurance Company, Mary T.
Wondrowitz and Milwaukee Mutual Insurance
Company, Third-Party Defendants,

GENERAL CASUALTY COMPANY OF
WISCONSIN, Randall P. Swenson and

American Family Mutual Insurance Company,
Third-Party Defendants-Respondents.†

Court of Appeals

*No. 85–1317. Submitted on briefs March 27, 1986.—Decided
June 10, 1986.*

(Also reported in 392 N.W.2d 449.)

For the plaintiff-appellant, Estate of Eugene C.
Spriggle, and the plaintiff-appellant, Estate of Steven
J. Fisher, there were briefs by *Ardell W. Skow,* of *Doar,
Drill & Skow, S.C.,* and *Robert J. Richardson,* of Spring
Valley.

---

† Petition to review pending.

For the cross-appellants, General Casualty Insurance Co. and Estate of Eugene C. Spriggle, there were briefs by *Weisel, Thrasher, Doyle & Pelish, Ltd.,* of Rice Lake.

For the defendant-respondent, General Casualty Co. of Wisconsin, there was a brief by *Weisel, Thrasher, Doyle & Pelish, Ltd.,* of Rice Lake.

For the cross-respondents, Mary T. Wondrowitz and Robert E. Wondrowitz, there was a brief by *B.J. Hammarback,* of Spring Valley, and *Russell E. Berg,* of River Falls.

For the respondents, Mary T. Wondrowitz and Robert E. Wondrowitz, there was a brief by *B.J. Hammarback,* of Spring Valley, and *Russell E. Berg,* of River Falls.

Before Cane, P.J., Dean and LaRocque, JJ.

CANE, P.J.   The estates of Eugene Spriggle and Steven Fisher appeal a judgment dividing insurance proceeds owed by Randall Swenson and American Family Insurance Company between Spriggle, Fisher, and Mary Wondrowitz. General Casualty Insurance Company, Spriggle's auto insurance carrier, cross-appeals a judgment holding it liable to Mary Wondrowitz for damages. Because the trial court failed to allocate Swenson's insurance proceeds on a pro rata basis and miscalculated the amount of the judgment against General Casualty in favor of Wondrowitz and Wisconsin Physicians Service, we reverse those portions of the judgment. In all other respects, the judgment is affirmed.

This case involves two wrongful death claims and a personal injury claim arising from two successive automobile accidents. The first accident occurred after Mary Wondrowitz lost control of her car and went into

the ditch. She got out of her car and was struck by a car driven by Spriggle, in which Fisher was a passenger. Both men then attempted to assist Wondrowitz, who was injured and lying in the road.

While all three were in the road, a truck driven by Swenson and a car driven by Elroy Haats approached the accident scene. Haats saw the people in the road and swerved to the right, missing all three. Swenson hit all three people, killing Spriggle and Fisher and further injuring Wondrowitz.

After a three-week jury trial, a forty-four question verdict,[1] and several *Pierringer* releases negotiated be-

---

[1] The jury attributed the negligence involved in the second accident as follows:

Negligence causing the second accident:

| | | |
|---|---|---|
| A) | Randall Swenson | 40% |
| B) | Eugene Spriggle | 5% |
| C) | Steven Fisher | 0% |
| D) | Elroy Haats | 50% |
| E) | Mary Wondrowitz | 5% |
| | Total | 100% |

Negligence causing Spriggle's death:

| | | |
|---|---|---|
| A) | Randall Swenson | 40% |
| B) | Steven Fisher | 0% |
| C) | Elroy Haats | 50% |
| D) | Mary Wondrowitz | 5% |
| E) | Eugene Spriggle | 5% |
| | Total | 100% |

tween various parties, the trial court entered a judgment on the verdict settling the remaining liability and damage claims. Spriggle and Fisher appeal the portion of the judgment dividing Swenson's $30,000 insurance proceeds between Spriggle, Fisher, and Wondrowitz.

The jury found Swenson to be forty percent responsible for causing the second accident. Swenson's $30,000 insurance proceeds from American Family were insufficient to compensate Spriggle, Fisher, and Wondrowitz for Swenson's forty-percent contributive share of the damages. Since Wondrowitz had collected a smaller proportion of her total recoverable damages than the other two plaintiffs, the trial court attempted to equalize the parties' positions by awarding Wondrowitz more than her pro rata share of the $30,000. The trial court also took into consideration the amount recovered by the parties through *Pierringer* releases. This was error.

Although we find no Wisconsin cases addressing this issue, we adopt the holdings in other jurisdictions supporting pro rata distribution of insufficient insurance proceeds.

> Where several claims arising from one accident are joined in one suit against the insurer whose maxi-

Negligence causing Fisher's death:

| | | |
|---|---|---|
| A) | Randall Swenson | 40% |
| B) | Eugene Spriggle | 0% |
| C) | Elroy Haats | 50% |
| D) | Mary Wondrowitz | 5% |
| E) | Steven Fisher | 5% |
| | Total | 100% |

mum liability under the policy is inadequate to pay in full the amounts to which the claimants become entitled, it has generally been held that the proceeds are to be distributed on a pro rata basis in accordance with the amount of damage suffered by each claimant.

*Couch on Insurance 2d,* sec. 56:35 (1983); *State Farm Mutual Automobile Insurance Co. v. Sampson,* 324 So. 2d 739, 742 (Miss 1975); *see also Christlieb v. Luten,* 633 S.W.2d 139, 139 (Mo. App. 1982). We therefore reverse that part of the judgment dividing the American Family insurance proceeds and remand to the trial court to divide the proceeds on a pro rata basis in accordance with the amount of damage suffered by Spriggle, Fisher, and Wondrowitz.[2] Any amounts recovered by the parties through the use of *Pierringer* releases are irrelevant to the pro rata division of the insurance proceeds.

On cross-appeal, General Casualty argues that Wondrowitz is barred from recovering damages from Spriggle for the second accident. General Casualty claims that since Wondrowitz' negligence in the first accident exceeded Spriggle's negligence and barred her recovery, and since there was no new negligence by Spriggle that contributed to Wondrowitz' injuries in the second accident, Wondrowitz remains barred from recovering. General Casualty also points to a "potential inconsistency" in the jury's verdict.

The jury found that Spriggle was negligent during the time between the two accidents and that he was five percent responsible for causing the second accident. The jury then attributed all five percent of Spriggle's negligence in causing the second accident to the driving of his vehicle prior to the first accident. The

---

[2] We note that the trial court correctly divided the interest earned on the insurance proceeds on a pro rata basis.

trial court concluded from the jury's findings that Spriggle's negligence from the first accident continued to operate and was a cause of the second accident.

Rather than disputing the jury's factual findings, General Casualty claims that Wondrowitz remains barred from recovering from Spriggle as a matter of law. We review questions of law without deference to the findings of the trial court. *First National Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977). We find no inconsistency in the jury's verdict. The jury found that Spriggle's negligence in causing the first accident was also a cause of the second accident. Wondrowitz and Spriggle were equally negligent in causing the second accident. We therefore conclude that Wondrowitz' recovery of damages from Spriggle for the second accident was proper.

General Casualty also contends that the trial court miscalculated the amounts of WPS's and Wondrowitz' judgments. General Casualty claims that Wondrowitz' total damages must be reduced by the amount of WPS's subrogation claim prior to calculating Wondrowitz' other recoverable damages.

The trial court began its calculations by correctly attributing twenty percent of Wondrowitz' total damages to the second accident.[3] The trial court also correctly calculated WPS's total claim, which was twenty percent of Wondrowitz' past medical expenses. The trial court failed, however, to subtract the amount of WPS's subrogation claim from Wondrowitz' total damages before completing its calculations. This resulted in a duplication of WPS's damages. Wondrowitz' damages should be calculated as follows:

---

[3] The jury attributed 80% of Wondrowitz' injuries to the first accident and 20% to the second accident.

| | |
|---|---|
| $159,759.00 | (total damages awarded by jury) |
| − 51,199.00 | (medical expenses paid by WPS) |
| 108,560.00 | |
| − 86,848.00 | (80% of $108,560 for damages attri- |
| 21,712.00 | buted to the first accident) |
| − 1,085.60 | (5% of $21,712 for Wondrowitz' con- |
| 20,626.40 | tributory negligence) |
| − 10,856.00 | (50% of $21,712 for Haats' settlement[4] |
| $ 9,770.40 | |

In addition, General Casualty correctly notes that the trial court failed to reduce WPS's subrogation claim by the five percent attributed to Wondrowitz' contributory negligence. WPS's damages should be calculated as follows:

| | |
|---|---|
| $51,199.00 | (total damages awarded by the jury |
| | for past medical expenses) |
| −40,959.20 | (80% of $51,199 for damages |
| 10,239.80 | attributed to the first accident) |
| − 511.99 | (5% of $10,239.80 for |
| 9,727.81 | contributory negligence) |
| − 7,647.83 | (the amount of the settlement |
| $ 2,079.98 | received from Haats) |

We therefore reverse that part of the judgment awarding damages to Wondrowitz and WPS and remand the cause for a recalculation and award of damages consistent with this opinion.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded with directions. No costs on appeal.

---

[4] Wondrowitz assumed Haats' 50% share of negligence under the terms of a *Pierringer* release.