Harvey A. STAHL, Rita M. Stahl, and Brian J. Stahl, Plaintiffs-Appellants,

v.

SENTRY INSURANCE, a mutual insurance company; American Family Mutual Insurance Company; Wisconsin Physicians Service Insurance Corporation; United States of America and Terry J. Beisner, Defendants-Respondents.

Court of Appeals

*No. 93–0353. Submitted on briefs October 4, 1993.—Decided November 16, 1993.*

(Also reported in 509 N.W.2d 320.)

300

301

On behalf of plaintiffs-appellants, the cause was submitted on the briefs of *Daniel D. Whetter* of *Whetter Law Offices* of Green Bay.

On behalf of defendant-respondent American Family Mutual Insurance Company, the cause was submitted on the brief of *Mark A. Pennow* and *John K. Gorton* of *Denissen, Kranzush, Mahoney & Ewald, S.C.* of Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.    Brian Stahl and his parents Harvey and Rita Stahl, plaintiffs in a personal injury action, appeal a judgment prorating their underinsured motorist (UIM) benefits from American Family Insurance Company according to the damages awarded each of the Stahls by a jury. The Stahls seek compensation either prorated according to the settlement reached with the tortfeasor's liability insurers or, alternatively, so as to maximize the amount payable from American Family. Brian Stahl also appeals the trial court's denial of his request for double costs pursuant to sec. 807.01(3), Stats., arguing that he recovered judgment against American Family in excess of his $100,000 offer of settlement. We conclude that the trial court properly used the jury verdict to prorate UIM payments. We also conclude that Brian's offer of settlement did not exceed the amount of his judgment and that he was therefore not entitled to double costs. We therefore affirm the judgment.

Brian and his parents were injured by an intoxicated driver, Terry Beisner, whose vehicle crossed the centerline of Highway 57 in Door County and struck the Stahl vehicle head-on. Prior to trial, the Stahls reached a settlement agreement with Beisner's liability insurers for the combined policy limits of $350,000 paid as follows: $300,000 to Brian, $45,000 to Harvey and $5,000 to Rita. Harvey was the named insured in an American Family policy with UIM coverage of $100,000 per person and $300,000 per accident and demanded coverage for his family's remaining uncompensated damages.

The Stahls and American Family submitted the issues of liability and damages arising from the accident to a jury. The jury found Beisner entirely at fault and also established these damages: (1) $497,289.07 to

303

Brian; (2) $15,793.85 to Harvey;[1] and (3) $83,884.38 to Rita, or a total of $596,967.30. Thus, the damages as found by the jury were almost $250,000 more than the liability insurance provided by the tortfeasor.

Because this verdict exceeded Beisner's liability coverage, the trial court prorated the UIM benefits using the jury's damage award to establish the ratio: approximately 83% of the total to Brian, 14% to Rita and 3% to Harvey. Using this ratio, the American Family UIM payments were determined accordingly:

| | |
|---|---|
| Brian's damages (by jury): | $497,289.07 (83.277%) |
| 83.277% of coverage: | $291,469.50 |
| Uncovered damages: | $205,819.57 |
| | |
| Rita's damages (by jury): | $ 83,884.38 (14.047%) |
| 14.047% of coverage: | $ 49,164.50 |
| Uncovered damages: | $ 34,719.88 |
| | |
| Harvey's damages (by jury): | $ 15,793.85 (2.675%) |
| 2.675% of coverage: | $ 9,362.50 |
| Uncovered damages: | $ 6,431.35 |

Using the preceding figures, the trial court awarded Brian $100,000 (the maximum available coverage), Rita approximately $34,000 and Harvey approximately $6,400, for a total payment of UIM benefits of $141,151.23.

The Stahls argue first that the payment ratio should be determined according to the amounts paid to them under the settlement agreement.[2] Alternatively, they argue that

---

[1] The jury's award to Harvey Stahl included $1,500 for lost society and companionship of his wife.

[2] Using this method, the UIM payment would be determined as follows:

| | |
|---|---|
| Brian's jury award: | $497,289.07 |
| Brian's settlement: | $300,000.00 |
| Brian's UIM payment: | $100,000.00 |

the payment should be made so as to "maximize" the UIM coverage provided by American Family.[3]

The Stahls maintain that their first option enhances the public policy that encourages out-of-court settlements, while their second option promotes an established judicial policy to maximize benefits paid by one's own insurance company.

We conclude that the trial court properly prorated the proceeds in accord with the jury verdict. This court adopted this rule in accord with the practice in other jurisdictions in *Wondrowitz v. Swenson*, 132 Wis. 2d 251, 392 N.W.2d 449 (Ct. App. 1986). Where several claims arising from one accident are joined against an insurer whose maximum coverage under the policy is inadequate to pay the damages in full, the proceeds are

(maximum under policy)

| | |
|---|---|
| Rita's jury award: | $ 83,884.38 |
| Rita's settlement: | $ 5,000.00 |
| Rita's UIM payment: | $ 78,884.38 |
| | |
| Harvey's jury award: | $ 15,793.85 |
| Harvey's settlement: | $ 45,000.00 |
| Harvey's UIM payment: | –0– |
| | |
| TOTAL UIM PAYMENT: | $178,884.38 |

[3] Using this method, the payment would be as follows:

| | |
|---|---|
| Brian's jury award: | $497,289.07 |
| Brian's share of settlement (attributed): | $325,000.00 |
| Brian's UIM share: | $100,000.00 |
| | |
| Rita's jury award: | $ 83,884.38 |
| Rita's share of settlement (attributed): | $ 25,000.00 |
| Rita's UIM share: | $ 58,884.38 |
| | |
| Harvey's jury award: | $ 15,793.85 |
| Harvey's share of settlement (attributed): | –0– |
| Harvey's UIM share: | $ 15,793.85 |

distributed pro rata in accord with the amount of each claimant's damages. *Id.* at 258-59, 392 N.W.2d at 452. We also noted that any amounts recovered by the parties in a settlement with other parties is irrelevant. *Id.* at 259, 392 N.W.2d at 452; *see also Home Ins. Co. v. Tooke*, 174 Wis. 2d 47, 52-53, 496 N.W.2d 749, 752 (Ct. App. 1993) (The settlement with a plaintiff and liability insurers is not binding on the UIM insurer.).

■

The use of the jury verdict to prorate inadequate insurance proceeds is not inconsistent with the policy of encouraging settlements. To bind American Family, who did not participate in the insured's agreement with the liability insurer, would subject the process to unfair manipulation. American Family retained its right to submit the damage and liability issues to an impartial fact finder.

■

We also reject the Stahls' contention that *Wondrowitz* is inapplicable because the proceeds at issue therein were those of a tortfeasor's insurers. The Stahls suggest that the present dispute is a matter of contract, and any ambiguity should be construed against the insurer. There is no evidence, or even an argument made, as to what the parties' intentions were under the UIM provisions of this contract. Where parties to a contract fail to foresee a situation that later arises and thus have no expectations with respect to that situation, the court may determine the parties' respective rights and duties under the contract. *Spencer v. Spencer*, 140 Wis. 2d 447, 451-53, 410 N.W.2d 629, 631-32 (Ct. App. 1987) (applying RESTATEMENT (SECOND) OF CONTRACTS § 204 (1981)). Finally, contrary to the Stahls' contention, the law does not always

require insurers to make payment so as to maximize coverage.

Brian next challenges the trial court's denial of double costs available to a plaintiff who recovers a judgment more favorable than his offer of settlement. Within the time permitted by statute, Brian Stahl advised American Family in writing that he offered "to accept the sum of One Hundred Thousand Dollars ($100,000), pursuant to Section 807.01(3), Wisconsin Statutes." He was eventually awarded a judgment of $100,000 together with his costs and disbursements. Brian argues that the award of costs renders his judgment more favorable than his offer within the meaning of sec. 807.01(3), Stats. We disagree.

Section 807.01(3), Stats., provides:

> After issue is joined but at least 20 days before trial, the plaintiff may serve upon the defendant a written offer of settlement *for the sum, or property, or to the effect therein specified, with costs.* . . . If the offer of settlement is not accepted and the plaintiff recovers a more favorable judgment, the plaintiff shall recover double the amount of the taxable costs. (Emphasis added.)

The statute says that an offer be made for a specified sum or other specified terms of settlement "with costs." The statute contemplates that offer of a specified sum should also state that the amount is "with costs," that is, in addition to costs. We conclude that the offer of a sum certain made "pursuant to Section 807.01(3), Wisconsin Statutes" means that the offered sum is in addition to costs.

First, there is case law reaching a similar conclusion, albeit in relation to an offer of judgment. In

*Brown v. Bosworth*, 58 Wis. 379, 17 N.W. 241 (1883). The defendant offered a sum certain but failed to state that the sum was "with costs." The court stated:

> It is true, the statute says the defendant shall offer judgment for the amount of damages tendered, with costs, but it seems to us that the offer that the plaintiff may take judgment for costs in addition to damages is superfluous. When the defendants consent that plaintiffs may take judgment against them for [a sum certain] it is in effect a consent to judgment for costs in addition to the damages.

*Id.* at 383, 17 N.W. at 243.

Second, apart from *Brown*, the failure to state that the offer is with costs renders the offer ambiguous. The ambiguity should be construed against Brian as the draftsman. *See Capital Invests., Inc. v. Whitehall Packing Co.*, 91 Wis. 2d 178, 190, 280 N.W.2d 254, 259 (1979).

Finally, the statute contemplates that American Family is entitled to a full and fair opportunity to evaluate the nature of the proposed settlement. It cannot do so if it must speculate about whether costs are separate from or included in the proposed offer. The trial court's decision denying Brian double costs is therefore affirmed.

*By the Court.*—Judgment affirmed.